## NEW-YORK COMMON PLEAS,

Dennis M'Mahon, Jr., administrator with the will annexed of Ruth S. Harrison, deceased, agt. Thomas E. Allen.

Where the plaintiff brought his suit against the defendant *individually*, to recover moneys which he alleged the defendant received while acting as the agent, or attorney in fact, of J—— H——, executor of R—— S. H——, whose estate the plaintiff claimed as *administrator de bonis non*, &c.; and, pending the action, letters testamentary were granted to the defendant upon the will of the said J—— H——.

Thereupon the plaintiff moved to amend his complaint, by making the *executor* (the defendant in his representative capacity) of J—— H—— a party defendant, alleging that a complete determination of the controversy could not be had without the presence of such executor.

*Held*, (passing over the *delay*, which was considered fatal,) that if the plaintiff was entitled to recover at all, he was so entitled when his suit was commenced. If he was not so entitled when he commenced the suit, facts *subsequently* occurring could not be introduced either by amendment or by supplemental complaint to make a title to recover. Besides, a judgment against the defendant, individually, would prejudice no one but himself; and a judgment in his favor would prejudice no person not a party to the suit, not duly represented by the plaintiff.

" When a complete determination of the controversy cannot be had without the presence of other parties "—means, that there are persons, not parties, whose rights must be ascertained and settled before the rights of the parties to the suit can be determined. And there are other cases in which a *defendant* may

require other parties to be brought in for the protection of his rights; but this is his own privilege, and he may waive it.

*Causes of action*, seeking to charge the defendant individually, and also as executor, cannot be united.

*Special Term, Nov.,* 1855.

THIS was a motion for leave to file a supplemental complaint, .alleging, among other things, as additional matter to the original complaint, that, April 26th, 1850, the plaintiff was appointed assignee of Solomon Kipp, trustee. of Ruth S. Harrison, and that, April 22d, 1853, the defendant was appointed executor of John Harrison, deceased.

The action was commenced May 7th, 1850, to recover moneys alleged to have been received by the defendant before the 10th of March, 1850, while acting as agent of John Harrison, (now deceased,) executor of Ruth S. Harrison, his wife. Subsequent to the commencement of the action, the will of John Harrison was admitted to probate, and. the letters testamentary thereon issued to the defendant. The defendant denied the receipt .of the money as alleged.. He also insisted, that what money he had received as agent of John Harrison, executor, he was not liable to account for to the plaintiff.

The issues were referred, in February, 1852, to Stephen Cambrelling, Esq., as sole referee.

After the plaintiff closed his proofs, the defendant moved to dismiss the complaint. The referee decided the defendant was not liable; but intimated that he might be liable in his representative capacity; and recommended an application to the court to bring him in as a defendant in that capacity.

It appeared, upon the motion, that on the 12th of September, 1854, the plaintiff commenced an action also against the defendant as executor of John Harrison, to recover the moneys claimed in this action.

DENNIS M'MAHON, JR., and
RALPH LOCKWOOD, *in support of the motion,*

Cited—*Pendleton* agt. *Fay,* 3 *Paige,* 204; *Egar* agt. *Price, id.* 333; *Lawrence* agt. *Bolton, id.* 294; *Green* agt. *Bates,*

M'Mahon, adm'r, &c., of Ruth S. Harrison, dec'd, agt. Allen.

7 *How. Pr. R.* 296; *Doolittle* agt. *Erskine*, 10 *Vermt.*, 265; *Carlton* agt. *Carlile*, 5 *Madd.* 427; *Welford's Eq. Pl.* 188; *Code of Procedure*, §§ 402, 468, 471, 122, 144, 147, 148; *Muller* agt. *Canville*, 5 *Russ.* 42; *Johnson* agt. *Snyder*, 7 *How. Pr. R.* 395; *Hornfager* agt. *Hornfager*, 6 *id.* 13: *Beck* agt. *Stephane*, 9 *id.* 193; *Colt* agt. *Lamer*, 9 *Cowen.*

ALBERT MATHEWS, *for the defendant*,

Made the following points:—

*First.* The gross *laches* of the plaintiff in making this application forbid its being granted.

I. All the facts were known to him before filing his original complaint, except one, and that one (although he prevented it occurring before this suit was commenced) was known to him in April, 1853, and is immaterial, if the plaintiff's theory is correct, and no excuse is pretended for the delay. (*See Code*, § 177; *Pendleton* agt. *Fay*, 3 *Paige R.* 204; *Rogers* agt. *Rogers*, 1 *id.* 424; *Whitmarsh* agt. *Campbell*, 2 *id.* 67; *Verplank* agt. *Merchants' Ins. Co.*, 1 *Edw.* 46; *Pedrick* agt. *White*, 1 *Metcalf R.* 76.)

II. This court has refused a discovery of books and papers, on the ground of *laches* in the application. (*Edmonds* agt. *Jackling*, *Gen. Term.*, 1854.)

III. The superior court has refused security for costs, for same reason, although the statute *seems* to leave no discretion to refuse. (*Buckley* agt. *Florence*, 1 *Duer*, 705.)

IV. It rests in the *discretion of the court* to allow a supplemental complaint in a proper case; and the plaintiff, by his delay, has forfeited all claim to an exercise of that discretion in his favor. (*Code*, § 177.)

(a) Section 122 of the Code is inapplicable, as it is restricted to cases when the acts proposed "*can be done without prejudice to the rights of others*," and "when a complete determination of the controversy cannot be had without the presence of other parties."

*Second.* There is another action pending against the defendant, now proposed to be made a party for the same cause

of action, now proposed to be incorporated in the supplemental complaint.    This is a good defence in abatement. (*Bendenbagh* agt. *Cocks*, 19 *Wend.* 207.)

I.  This would split up the demands.

*Third.*    The proposed supplemental complaint is based upon new facts upon which (if the plaintiff's theory be correct) a judgment may be had without reference to the original complaint.    The original complaint is wholly defective, and shows no cause of action against the defendant therein.    In either case, the plaintiff should commence a new action. (*Smith* agt. *Edmonds*, 10 *Legal Obs.* 185; *Milner* agt. *Milner*, 2 *Edw. V. C. R.* 144; *Lloyd* agt. *Brewster*, 4 *Paige*, 538; *Byrne* agt. *Byrne*, 2 *Drury & Warren*, 71; *Coleman* agt. *M'Murde*, 5 *Rand. R.* 51.)

I.  When the plaintiff commenced suit he had no cause of action against any person, no executor having been appointed of the will of John Harrison.

*Fourth.*    To allow this complaint, would be to authorize an action contrary to the statute, indirectly against the defendant Allen, *as executor in his own wrong*, of the estate of Mrs. Harrison, while another executor was acting. (*Babcock* agt. *Booth*, 2 *Hill R.* 81; *Murr* agt. *The Leake & Watts' O. A.*, 3 *Barb. Ch. R.* 477; 2 *R. S.* 449, § 17.)

*Fifth.*    To entitle the plaintiff to file a supplemental complaint, it must be in respect *of the same title in the same person*, as stated in the original bill.    Here it is totally different.    It is a new case. (*Story's Eq. Pleadings*, 339; *Erskin* agt. *Seth- bridge*, *Cooper's Chancery Cases*, 43; *Pratt* agt. *Bacon*, 10 *Pick. R.* 122.)

*Sixth.*    To allow this supplemental complaint to be filed, would enable the plaintiff, if successful, to gain a priority over other creditors of John Harrison, and change the order of the administration of his assets.

I.  If any claim is made against Allen individually, this illegal consequence would result.

II.  If no claim is made against Allen, he is not a proper party to the new or supplemental action.

*Seventh.* By allowing Allen to be thus sued individually, he is deprived of his set-off, which he is entitled to in making up his accounts between himself individually and as executor. (*Mercin* agt. *Smith,* 2 *Hill,* 213; 2 *R. S. p.* 355, § 23.)

*Eighth.* The claim against the defendant, as executor, is a claim " *against a trustee,*" and cannot be united with a claim against him individually. (*Code,* § 167; *Dox* agt. *Backerstone,* 12 *Wend.* 543.)

I. The causes of action are wholly distinct, and the complaint multifarious. (*Davoue* agt. *Fanning,* 4 *Johns. Ch. R.* 199; *Butts* agt. *Greening,* 5 *Paige R.* 254; *Murray* agt. *Hay,* 1 *Barb. Ch. R.* 59; *Jackson* agt. *Forrest,* 2 *id.* 576; *Story's Eq. Pleadings,* 274 (*a*).)

*Ninth.* The supplemental complaint makes an entirely new issue, and, if permitted, it should only be on payment of all costs; and it is far better the plaintiff's complaint be dismissed with costs, and he left to prosecute the suit he has already commenced against the defendant, as executor of John Harrison, for this claim and others. (*Verplanck* agt. *Merchants' Ins. Co.,* 1 *Ed. V. C. R.* 141; *Smith* agt. *Smith, Cooper's Ch'y Cases,* 141; 2 *Sim. & Stew.* 113.)

Note.—The case of *Colt* agt. *Lanier,* (9 *Cowen,*) cited by plaintiff, was a case of *partnership* and of a *devastavit.* The funds of the estate were, *in part,* fraudulently converted by Colt, the surviving partner, after decease of the executor, [$4,000 U. S. stock, 18th Feb., 1815, *p.* 332, ] and in part appropriated by a *devastavit* by said Colt. [*pp.* 342, 343.]

Woodruff, Judge. The plaintiff herein is prosecuting this suit against the defendant individually, to recover moneys which he alleges the defendant received while acting as the attorney in fact of John Harrison, executor of Ruth S. Harrison, whose estate he claims as administrator *de bonis non,* &c., and as successor to Solomon Kipp, trustee, &c.

Pending this suit, and on the 22d April, 1853, letters testamentary have been granted to the defendant, upon the will of the said John Harrison, and thereupon the plaintiff commenced a suit against the defendant, as the executor of John Harrison,

to recover (among other property) the same moneys for which the present suit is brought.

The plaintiff, nevertheless, proceeds with this action against the defendant, as an individual, brings the cause to trial, and closes his proofs; and now, after a motion to dismiss his complaint on the ground that the defendant (as an individual) is not liable to the *plaintiff* for moneys he received as the agent for the deceased executor, John Harrison, the plaintiff, two years and four months after he had full notice of all the facts, moves for leave to make the executor of John Harrison a party defendant. It seems to me, that if there were no other reasons for denying the motion, the delay would be sufficient.

But there are other reasons which constrain me to such denial, which may be very briefly stated.

If the plaintiff is entitled to recover at all in this action, he was so entitled *when* this suit was commenced. If he was not so entitled when he commenced the suit, facts *subsequently* occurring cannot be introduced, either by amendment nor by supplemental complaint, to make a title to recover—so that the taking of letters testamentary, by the defendant, does not give the plaintiff a right to recover in this action, if he had not that right before such letters were taken. If it was essential to the right of recovery that the representative of John Harrison should be before the court, the plaintiff should have waited until such a representative was appointed. And it would not be just to the defendant, who, in this view of the subject, has a perfect protection, to permit the plaintiff, *in effect*, to bring a new suit, after he had gone to trial and discovered that he cannot succeed, by allowing him to amend his proceedings—certainly not without requiring him to pay all the cost to the present time, and opening the entire defence.

It is urged that a complete determination of the controversy cannot be had without the presence of the executor of John Harrison. Why not? The judgment of this court will be entirely effectual to settle forever, and without any prejudice to the executor of John Harrison, or any other third person living, the question, whether this defendant, individually, owes the

plaintiff anything, or not. A judgment against this defendant will prejudice no one but himself. A judgment in his favor will prejudice no person not a party to the suit, not duly represented herein by the plaintiff.

Is it said, that a judgment herein against the defendant, for moneys collected by him as agent, may not protect him against the claim of the executor of John Harrison? The answer is twofold :—*First.* This objection was to be raised, if at all, by the defendant himself; and if he have not set it up as a defence, he has waived it by the express provisions of the Code. And again : if he does not seek this protection, it is not the duty nor right of the plaintiff, in this stage of the controversy, to force it upon him against his will. Besides, if it be conceded that the defendant might, for his own protection, have required the representative of John Harrison to be made a party, and he be not now held to have waived that objection, then the plaintiff was premature in bringing his suit as above suggested, and ought not now to be placed *rectus in curia* at the defendant's expense.

Still further; this protection to the defendant is not what is meant by the case suggested, viz., "when a complete determination of the controversy cannot be had without the presence of other parties." That case is, I think, where there are persons not parties whose rights must be ascertained and settled, before the rights of the parties to the suit can be determined. Doubtless there are many other cases, in which a defendant may require other parties to be brought in, so that the judgment of the court in the action may protect him against the claims of such other parties: but this is his own privilege, and he may waive it.

If by the claim that a complete determination of the controversy cannot be had without the presence of the executor of John Harrison, is urged on the ground that this defendant, being such executor, is liable in the one capacity or the other, and so there is propriety in bringing in the whole question into one suit, it may properly be answered—

*First.* That to bring him in to charge him as executor, would

be to charge him in a suit commenced before he was liable to be sued, *i. e.* to enable the plaintiff to recover on a cause of action which, when the suit was brought, had no existence.

*Second.* The plaintiff has already commenced a suit against him as executor; and that suit is now pending for the same cause of action, and there is no propriety in giving to the plaintiff the privilege of litigating the same matter here, while he is prosecuting such other suit. Nor can we, upon the *plaintiff's application*, consolidate the two suits. He has chosen his own course in this respect, and the estate of John Harrison ought not to be subjected to the double litigation.

The circumstance that the defendant is himself the executor of John Harrison, does not alter the case in these respects. His rights, in these separate characters, are distinct, and his relations to this plaintiff, as well as to those who are interested in the estate of his testator, are distinct, as much so as would be those of himself and the executor, if the executorship were vested in a third person. How far a complaint seeking to charge the defendant individually, and also as executor, can be sustained under § 167 of the Code, it is not perhaps necessary for me to say. But various decisions might be referred to, to show that the causes of action cannot be united.

So also as to the question whether, under any and what circumstances, the agent or attorney in fact of an executor can be made liable directly to the administrator *de bonis non*, for moneys collected for such executor in progress of his administration, and whether the moneys thus collected can in equity be identified and withdrawn from the estate of the deceased executor, and from the claims of his other creditors, if any there be, need not be passed upon here. If there are difficulties in the way of the plaintiff's recovery, resulting from the answer to such inquiries, they may show that the plaintiff has misconceived his remedy, but that is all.

It was intimated, on the argument, that it was only sought by the supplemental complaint, to make the executor " a formal party," and that no decree was sought against him as executor. The prayer, it is true, is, that the plaintiff may have

M'Mahon, adm'r, &c. of Ruth S. Harrison, dec'd, agt. Allen.

judgment against the defendant individually for said amount, but adds also the prayer, " that this court may settle and determine, in the same proceeding and trial in this court, the whole controversy now subsisting between the plaintiff and defendant," and for other and further relief, &c.   This prayer is comprehensive enough to amount to a consolidation of both suits, and to embrace any relief which the plaintiff, as against this defendant, in any capacity may claim.   And I do not perceive either the necessity or propriety of calling in the executor as a " formal party."   If the plaintiff had no cause of action when the suit was commenced, the adding of formal parties will not give him one.   If his cause of action was perfect at that time, the absence of formal parties cannot prevent his recovery.   It is not merely " formal parties " that the Code, § 122, requires the court to bring in.   The absence of such parties is waived. If the presence of the executor is only required in order to conclude him in respect to the liability of the defendant to the estate of John Harrison for the same moneys, then, as above suggested, the plaintiff cannot force that protection upon the defendant in this stage of the controversy against his will, even if he might have been permitted to make such executor a defendant as a *proper party* in the first instance.

I cannot perceive any sufficient reason for granting the motion, unless it be founded in the idea that the plaintiff may not establish his claim against the defendant individually, and possibly may show that, as executor of John Harrison, the defendant is liable, and that therefore he ought to be saved the costs of this suit, by bringing in the whole controversy into one litigation, notwithstanding another suit is pending against the defendant in his representative character.   Such a reason the plaintiff does not, and would not urge ; and if he did, what I have above suggested seems to me to dispose of it.

I am constrained to conclude that the motion should be denied ; but as it was, to some extent at least, made in reliance upon the recommendations of the referee, the defendant's costs of the motion, $10, should abide the event of the suit.

Ordered accordingly.