## SAWYER *a.* CHAMBERS.

*Supreme Court, First District; At Chambers, September,* 1860.

### PARTIES.

The court will not order new parties-defendant to be brought in against the will of the plaintiff, unless their presence is necessary to the determination of the action.

Motion to make third persons defendants in the cause.

INGRAHAM, J.—The action in this case is against the indorsers of a promissory note.

It seems to be conceded that they are mere accommodation indorsers, and they move for an order to make the drawers of

the note, or the representative of the drawers a party-defendant, or to stay the plaintiffs' proceedings until the final determination of the action pending on behalf of such drawers against the plaintiffs.

From an examination of the complaint in that action, it is very apparent that it contains no cause of action against the plaintiffs here. It professes to be brought by the assignee of the company against Sawyer and others; avers the assignment to have been executed in December, 1848, by the corporation, and that the action is founded on a contract made with the assignee in July, 1858. It sets up no contract with the corporation, and no facts out of which a claim could arise in behalf of the plaintiff in that action, either in his own right, or by virtue of the assignment.

To stay the proceedings in this action until the other was decided, would be a mere delay on the part of the creditors here, for no apparent good, and without any probable result in that action to alter the rights of the parties. In the answer of the defendants in this action, however, the facts are differently stated, and if proved, could undoubtedly show a cause of action in behalf of the company against the present plaintiffs, which would more than cover any claims they have upon the note on which they sue, so far as relates to the company.

The only question therefore is, whether the court can order a plaintiff to sue a person against his will, where it is not necessary for the decision of the action which he has brought against a third person.

The more usual course would be the commencement of an action by the sureties against all the parties setting up the facts in these papers, and to ask the aid of the court in equity for this protection.

I doubt, however, the power of the court by an order such as is asked for in this case, to convert an action at law for the recovery of a debt into an action in equity, to be tried in a different manner, and involving very different issues.

If such an order could be made as the defendants ask for, to bring in as defendant the drawer of the note, I am at a loss to see how it could avail them. The plaintiffs would still be entitled to recover against the indorsers on the note distinct from the maker, and I know of no case where a counter-claim, set up

by one party to a note against the holder, can be made available for the defence of another.

The statute as to suing all the parties to a note in one action, has not been repealed, and that statute permits a severance of the action at any time to take judgment against any of the parties. This right cannot be taken away by a mere order of the court as to adding parties.

It seems to me that the defendants have no remedy by which they can make the defence to the note in suit which they desire, except by the mode suggested before, viz., the bringing an action against all the parties, and seeking relief for the sureties in equity. Whether the facts disclosed in the defendants' answer are sufficient for that purpose, it is not necessary for me now to decide.

This motion must be denied; ten dollars costs to abide event.