THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THE ALBANY AND VERMONT RAILROAD COMPANY, Respondent, AND THE TROY AND BOSTON RAILROAD COMPANY, Appellant.

Where an action is brought by the attorney-general to vacate the charter of a railroad corporation, which has leased a portion of its road to another company, the lessee has such an interest in the subject of the action and in the real estate to be affected by the judgment as to entitle it, under section 452 of the Code of Civil Procedure, upon application for that purpose, to be made a party defendant.

This is especially so when the interests of the lessor are protected by stipulations rendering the judgment innocuous as to it, though fatal to

the rights of the lessee, and where there is reason to suppose that the lessor is not unfriendly to such a judgment.

*The People* v. *The A. and V. R. R. Co.* (15 Hun, 126), reversed.

(Argued April 1, 1879; decided May 20, 1879.)

Appeal by the Troy and Boston Railroad Company from an order of the General Term of the Supreme Court, in the third judicial department, reversing an order of Special Term which granted an application on the part of said company to be made a party defendant herein ; and denying said application. (Reported below, 15 Hun, 126).

The nature of the action and the facts, so far as material, appear in the opinion.

*Esek Cowen*, for appellant. The lessee of defendant had a right to be made a party defendant in this action. (Code of Civil Procedure § 452.)

*E. W. Paige* and *Charles E. Patterson*, for respondent. The petitioner was not entitled to come in as a party under the provisions of the Code. (Code of Civil Procedure, §§ 430, 431, 442, 452; *People* v. *Tob. Man. Co.*, 42 How., 162; *People* v. *Wash. Ice Co.*, 18 Abb., 382; *Waring* v. *Waring*, 3 id., 246; *Hornby* v. *Gordon*, 9 Bosw., 656; *Webster* v. *Bond*, 9 Hun, 437; *Jackson* v. *Burnsey*, 3 J. Cas., 234; *Jackson* v. *Van Dusen*, 5 J. R., 144; *Jackson* v. *Brooks*, 8 Wend., 426; 15 id., 111.)

Rapallo, J. This action is brought by the attorney-general for the purpose of enforcing an alleged forfeiture of the charter of the Albany and Vermont Railroad Company and dissolving that corporation, because of its nonuser of the part of its road which lies between Waterford Junction and Eagle Bridge. The order of the Supreme. Court granting leave to bring the action contains a provision that if the defendant shall promptly fix the terminus of its road on the west side of the Hudson river, and the plaintiffs recover judgment, then on the request of the defendant the

judgment shall dissolve its charter only as to the por-
tion of its road between Waterford Junction and Eagle
Bridge and shall confirm its charter as to the residue of the
route, etc. It is fairly inferrable from the papers that the
purpose of the action is to annul the charter of the defend-
ant only as to the portion of its road before specified, and
that to that extent it is a friendly action so far as the people
and the Albany and Vermont Railroad Company are con-
cerned.

The Troy and Boston Railroad Company applied to the
Supreme Court to be admitted as a party defendant, alleg-
ing that it was the lessee of that part of the road as to
which the forfeiture was sought to be enforced, under a lease
from the Albany and Vermont Railroad Company made in
1862, to continue during the corporate lives of the parties.
An order was made at Special Term granting the applica-
tion, but this order was reversed at the General Term, and
from that decision this appeal is taken.

Under the laws of this State one railroad company may
contract with another for the use of its railroad, and to that
extent the leasing company is authorized to delegate a part
of its franchises to the lessee. Both companies are, under
such circumstances, interested in maintaining the charter of
the company lessor. And the question presented by this
appeal is whether when an action is brought by the attor-
ney-general to vacate the charter of the leasing company,
its lessee may be admitted to defend.

We think that the lessee has such an interest in the sub-
ject of the action and in the real estate to be affected by
the judgment, as to entitle it to be heard. (New Code, §
452.) Its title depends upon the continuance of the charter
of its lessor, and it would be unjust to cut off the rights
of this lessee without a hearing; especially when there is
reason to suppose that the leasing company is not unfriendly
to the judgment which would have that effect, and its inter-
ests are protected by stipulations which would render the
judgment innocuous as to it, though fatal to the rights of,

the lessee. The proceeding seems directed entirely against that part of the road which is leased to the Troy and Boston Company and it is not unreasonable that the last named company should be permitted to defend.

The respondents on this appeal made various points touching the validity of the lease under which the Troy and Boston Railroad Company claims, and touching the merits of its claim. These are matters to be tried in the action, after the last named company is admitted as a defendant. They cannot properly be disposed of on the motion to admit it.

The order of the General Term should be reversed and that of the Special Term affirmed, with costs.

All concur.

Ordered accordingly.