B. FRANKLIN CHAPMAN, Executor, etc., Appellant, *v.* GERRITT A. FORBES, Respondent.

The plaintiff in an action at law who seeks nothing but a money judgment, cannot be compelled to bring in other parties than those he has chosen to make defendants.

*It seems,* if the necessary parties are not present, defendant may take advantage of the fact by pleading in abatement, or he may set up an equitable defense showing the absence of necessary parties defendant, which if established, will entitle him to a nonsuit or to a verdict in his favor, but he cannot compel the plaintiff to bring in such other parties.

In such an action the provisions of the Code of Civil Procedure (§§ 447, 452), as to who may be made parties defendant, and providing for the bringing in of a party whose presence is necessary for a complete determination of the action, or who has an interest in the subject-matter of the action, do not apply.

*Turner* v. *Conant* (18 Abb. [N. C.] 160) ; *Haas* v. *Craighead* (19 Hun, 396) ; *Earle* v. *Hart* (20 id. 75) ; *Lawton* v. *Lawton* (54 id. 415) ; *Derham* v. *Lee* (87 N. Y. 599), distinguished:

An action for money had and received, although depending for its determination upon the question as to whether the plaintiff is *ex aequo et bono* entitled to the money, is a legal action, and the fact that the money came into the hands of the defendant impressed with a species of trust to repay it to the plaintiff, does not alter the character of the action.

Where in such an action the defendant's answer admitted the receipt of the money, but denied that plaintiff was entitled thereto, and alleged that a portion thereof belonged to defendant and the balance to another, who had brought an action against him to recover it, and upon defendant's motion an order was made bringing in such other person as a defendant, *held,* error; and that as the court had no power to grant the order, it was reviewable here.

(Argued October 20, 1890; decided December 2, 1890.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, made April 29, 1890, which affirmed an order of Special Term granting a motion by defendant to bring in an additional defendant.

The complaint herein alleged in substance that George P. Breen, as agent of plaintiff's testatrix, received $1,200, which was afterwards paid by him to the defendant, to the use of the plaintiff's testatrix, and that defendant refused to pay over the same to the plaintiff.

The defendant denied the indebtedness, and alleged that he received the money, but that it was the individual property of Thomas H. Breen, whose assignee had sued to recover the same. He also alleged that the fund belonged to said Breen, but subject to certain equities and agreements between Breen and defendant and defendant claimed an interest in the fund to that extent.

Defendant then moved at Special Term, under section 452 of the Code of Civil Procedure, to bring in the assignee, Frederick Williams, as a party defendant. This motion was opposed by the plaintiff upon two grounds: (1) that section 452 by its terms did not authorize the relief asked; (2) and that the court had no power to grant such relief as would change the character of the action from one at law to one in equity against plaintiff's will.

*C. Walter Artz* for appellant. This is an action at law and not a suit in equity. ( *Webster* v. *Bond,* 9 Hun, 437; 1 Chitty on Pl. 362, 366, 375; *Randoll* v. *Bell,* 1 M. & S. 714; *Roberts* v. *Ely,* 113 N. Y. 128; *King* v. *Van Vleck,* 109 id. 363.) Section 452 of the Code of Civil Procedure, the only statute

granting power to bring in new parties, by its terms does not apply to this case. (Hawes on Parties, § 18; *McMahon* v. *Allen*, 12 How. Pr. 39; *Sawyer* v. *Chambers*, 11 Abb. Pr. 110; *Webster* v. *Bond*, 9 Hun, 437; *People* v. *A. & V. R. R. Co.*, 15 id. 126; *Kimball* v. *Ives*, 30 id. 568; *Derham* v. *Lee*, 87 N. Y. 599; Pomeroy on Rem. [2d ed.] § 490; *Kelsey* v. *Murray*, 28 How. Pr. 243; *Roberts* v. *Ismay*, 19 J. & S. 531; *Davis* v. *Fish*, 17 Abb. [N. C.] 24.) Independent of every other consideration, the provisions of section 452 of the Code of Civil Procedure (as well as those of its predecessor, section 122 of the Code of Procedure), do not permit the conversion of an action at law into a suit in equity, even at the intervenor's own motion, but apply only to cases where equitable relief is originally asked. (*Derham* v. *Lee*, 87 N. Y. 599; Chitty on Pl. 53; *Sawyer* v. *Chambers*, 11 Abb. Pr. 110; *Webster* v. *Bond*, 9 Hun, 437; *People* v. *A. & V. R. R. Co.*, 15 id. 126; *Kimball* v. *Ives*, 30 id. 568.) The conversion of this action at law into a suit in equity by the addition of Williams as a defendant, and the proper amendment to that end, will deprive plaintiff of his right of trial by jury. That such an order would affect a substantial right is apparent. (Code Civ. Pro. § 968; *Kane* v. *Delano*, 11 Abb. [N. S.] 29.) The conversion of this action from one at law to one in equity will entirely alter the mode of trial, the issues and mode of proof against plaintiff's will, and to his substantial disadvantage. (1 Greenl. on Ev. [13th ed.] § 174.)

*William G. Tracy* for respondent. The order is not appealable, and the appeal should be dismissed for that reason. (*I. G. L. Co.* v. *Truman*, 93 N. Y. 660; *Christman* v. *Thacher*, 113 id. 625.) The assignee of Thomas H. Breen, Frederick Williams, would in no way be bound by a judgment in this action, unless made a defendant herein. (Code Civ. Pro. §§ 447, 449, 452, 1204; *Derham* v. *Lee*, 87 N. Y. 599; *Cohen* v. *Lane*, 21 N. Y. S. R. 273; *Barker* v. *Cocks*, 50 N. Y. 689; *Turner* v. *Conant*, 18 Abb. [N. C.] 160; *Dusenbury* v. *Fisher*, 15 J. & S. 482; *Earle* v. *Hart*, 20 Hun, 75; *Lawton* v. *Lawton*,

54 id. 415; *Haas* v. *Craighead*, 19 id. 396.) This is not an action sounding in tort. ( *Wood* v. *Swift*, 81 N. Y. 31; *Tompkins* v. *Smith*, 62 How. Pr. 499; 89 N. Y. 602; *Dorn* v. *Fox*, 61 id. 264; *B. & O. R. R. Co.* v. *Arthur*, 90 id. 234; *Barber* v. *Cary*, 11 Barb. 549; *Buel* v. *Boughton*, 2 Den. 91.) The respondent Forbes cannot interplead between the plaintiffs in the respective actions. (*Dorn* v. *Fox*, 61 N. Y. 264; *B. & O. R. R. Co.* v. *Arthur*, 90 id. 234.) The order cannot be reversed upon the ground that it stays the prosecution of the action brought by Williams, assignee, etc., against the defendant. ( *Wood* v. *Swift*, 81 N. Y. 31; *Davies* v. *Fish*, 19 Abb. [N. C.] 24.)

PECKHAM, J.    Under the old system of pleading the plaintiff, upon the facts set out in the complaint herein, might have brought his action of assumpsit or of debt.

An action of debt would lie though there was only an implied promise, such as to pay over money had and received by defendant to the use of the plaintiff, though paid to defendant without the command of plaintiff. (3 Comeyn's Digest, Title "Debt"; (A. g.) Implied; 1 Rolle's Abrg. 597, line 25; 1 Chitty on Plead. 108.)

An action of assumpsit as for money had and received would also lie on an implied promise. (1 Chit. on Plead. 99, 100.) There was a slight difference in the form of declaration in the action of assumpsit and that of debt for money had and received. In the former the declaration upon the common count was very brief. It contained among others the allegation that the defendant was indebted to the plaintiff for money had and received, and that in consideration of such debt the defendant *promised* the plaintiff to pay him upon request the sum stated. The express promise was averred even though the plaintiff relied only upon an implied promise arising from the circumstances he should prove. But in the action of debt the pleader, although he stated the indebtedness of the defendant precisely in the same way as in assumpsit, yet omitted the allegation of a promise on the part of defendant. (1 Chit. on Plead. 341–361.) In neither was it neces-

sary to state the circumstances out of which the debt arose, further than that it was for money had and received by the defendant to the plaintiff's use. (*Moses* v. *Macferlan*, 2 Burr, 1005, 1010, per Lord MANSFIELD.) Judging the complaint in this action by these rules, it would appear to partake more of the character of an action of debt for money had and received by defendant to the plaintiff's use than that of assumpsit, because there is nowhere alleged therein a promise by defendant to pay the amount received by him to the plaintiff, and a promise to pay the money is always alleged in the assumpsit action.

Both forms of action were resorted to for the purpose of collecting a debt due from defendant to plaintiff, and such indebtedness was alleged in the declaration in each action. (1 Chit. on Plead. 341–361.) In each case the action was one at law, and yet when brought in either form for money had and received, each depended upon precisely the same equitable rules.

Whether the action were debt or assumpsit, the plaintiff's case depended upon the question to which party, plaintiff or defendant, does the money *ex aequo et bono* belong? If to the plaintiff, it was because the facts created an indebtedness to him from defendant. In this respect the action has been frequently stated to be an "equitable one," that is one depending upon general principles of equity for the maintenance of the plaintiff's claim to the money. (*Kingston Bank* v. *Eltinge*, 66 N. Y. 625 ; 2 Wait Law & Prac. [5th ed.] 391.) It is the most favorable way in which a defendant can be sued ; he can be liable no further than the money he has received, and against that he may go into every equitable defense upon the general issue ; he may claim every equitable allowance, etc., in short he may defend himself by everything which shows that the plaintiff *ex aequo et bono* is not entitled to the whole of his demand or any part of it. (*Moses* v. *Macferlan, supra*, 1012.)

This case is cited with approval in *Eddy.* v. *Smith* (13 Wend. 488).

The nature of the action was before this court in the recent case of *Roberts* v. *Ely* (113 N. Y. 128), and it was therein stated to be a common-law action, although depending upon

equitable principles for its maintenance. It was further therein stated that the fact that the money came into the hands of the defendant impressed with a species of trust to repay to the plaintiff, did not alter the character of the action or deprive a court of law of jurisdiction thereof. But although the action may be generally described as one of an equitable character, it never was in any aspect a suit in equity.

And in the particular case before the court there is no such relation of trust between the parties as would render the cause of action cognizable in equity. Equitable relief is not demanded, nor is a case made by the complaint for granting any relief of an equitable nature.

The distinction made by the learned judge at Special Term between an action where the defendant has promised or agreed to pay to the plaintiff the money in controversy, and an action based upon the fact that the money came to defendant from such a source and under such circumstances that in justice and equity he ought to pay it over to the plaintiffs is not very material. In case assumpsit under the old system had been adopted, such a promise would have been alleged, while, if the action had been debt, the allegation of a promise would have been omitted. But the cause of action in either case would have been the same.

That an action is of an equitable nature does not make it an action in equity.

When, in an action for money had and received, all the facts show that the plaintiff is *ex aequo et bono* entitled to recover, his right to recover is a legal one and maintainable in a court of law. The action being one at law, there would formerly have been no right on the part of defendant to compel the plaintiff to bring in any other party. If he did not allege a good cause of action against a defendant the latter could demur, and if a good cause of action were alleged, but not proved, the plaintiff would have been either nonsuited or a verdict ordered for the defendant.

If the necessary parties were not present the defendant could, by plea in abatement, take advantage of that fact. The judgment for the defendant on such a plea, whether on an

issue of fact or of law, was that the plaintiff's "writ be quashed." (1 Chit. on Plead. 466.)

In a suit in equity the rule was different, and in that court all persons who were interested in the question involved in the litigation and upon whose interest the decree might have any effect were proper or necessary parties, according to circumstances. (*Small* v. *Attwood*, Younge, 458; Pomeroy's Rem. & Rem. Rights, § 488, *et seq.* and cases cited in notes.) In this condition of the practice in the two courts of law and equity the Code of Procedure was adopted and the material part of section 122 thereof reads as follows: "The court may determine any controversy between the parties before it when it can be done without prejudice to the rights of others or by saving their rights; but when a complete determination of the controversy cannot be had without the presence of other parties the court must cause them to be brought in." The decisions of our courts have been quite uniform that the section above quoted referred to parties in what, under the old practice, would have been suits in equity, and that it was never intended to make it incumbent upon a plaintiff in an action at law to sue any other than the parties he should choose. (*Sawyer* v. *Chambers*, 11 Abb. Pr. 110; *M'Mahon* v. *Allen*, 12 How. Pr. 39; *Webster* v. *Bond*, 9 Hun, 437.) These cases were decided under the old Code, but section 452 of the new Code uses substantially the same language, and adds a further provision which will be noticed hereafter. -

Judge Woodruff, in the *M'Mahon* case (*supra*), gave what seems to me a correct definition of the meaning of the old Code relative to "a complete determination of the controversy." He said that was "where there are persons not parties, whose rights must be ascertained and settled before the rights of the parties to the suit can be determined." Judged by that standard, the controversy between these parties can be completely determined without the presence of any other person. The plaintiff claims judgment for money which he alleges defendant received belonging to the plaintiff. The defendant sets up facts which, if proved, constitute a perfect defense to the action. The

presence of no other person is required to finally determine the
issue, and the determination affects no other person's rights.

There is nothing in the added portion of section 452 of the
new Code which would alter the rule. The portion added is
this: "And when a person not a party to the action has an
interest in the subject thereof, or in real property, the title to
which may in any manner be affected by the judgment, and
makes application to the court to be made a party, it must
direct him to be brought in by the proper amendment." The
person not a party to the action in this case is the assignee of
the person giving the money to the defendant, and such party
has no interest in the subject of this action within the mean-
ing of the section referred to. The subject of the action is to
obtain payment of the debt due plaintiff from defendant. The
facts upon which the debt is based may be of an equitable
nature, but the action is to recover a debt. The defendant, by
way of defense, denies the existence of the alleged facts upon
which the plaintiff bases his claim. That defense, if proved, is
a good one. He need show nothing further than that the
money was not the money of the plaintiff. Whose money it
was, if it did not belong to the plaintiff, is a matter in which
the plaintiff has not the slightest interest, nor is such an
investigation the subject of his action. The plaintiff does not
seek a judgment in this action for any money of the assignor
which he deposited with the defendant. And a judgment in
plaintiff's favor has absolutely no effect upon any rights which
the assignee may have against the defendant. The assignee,
therefore, cannot have an interest in the subject of this action
within the meaning of the Code.

It is impossible to see how the assignee can have such inter-
est when no judgment that the court can give can in any
way affect his claim against defendant, and where a complete
determination of the controversy between the plaintiff and
defendant can be had without first ascertaining or settling the
rights of any other person. In *People* v. *Albany & Vermont
R. R. Co.* (15 Hun, 126), the Supreme Court at General Term
said that the views expressed in *Webster* v. *Bond* (9 Hun, 437,

cited *supra*), in regard to the application of section 122 of the old Code should apply to section 452 of the new. The *Webster* case held that a person bringing a legal action cannot be compelled to sue any person except such as he may elect to sue. If the amendment in this case were allowed, the defendant would succeed in converting a plain action at law into a suit in equity, and thereby instituting an investigation as to the ownership of a fund in the hands of a trustee and obtaining a decree in relation thereto.

It is true that the order in the case of *People* v. *Albany & Vermont R. R. Co.* (*supra*) was reversed in this court. (77 N. Y. 232.) But the reversal was upon the ground that the corporation applying to be made a party had such an interest in the real estate to be affected by the judgment, and there- fore such an interest in the subject of the action as to entitle it under section 452 of the new Code to be made a party defendant. The reversal did not affect the correctness of the general principle laid down in the *Webster* case, viz., that a plaintiff in an action at law may sue whom he pleases and can- not be compelled to bring in other parties. But the defendant cannot in this case bring himself within the latter part of the section (452), which is an addition to section 122 of the old Code.

The person who is not a party to the action, and who has an interest in the subject thereof, must by the terms of the sec- tion himself make application to be made a party.

The assignee in this case has made no such application. Taking the most favorable view of the case made by the defend- ant, such person has simply indicated his willingness that the motion of the defendant to have him brought in should be granted.

Of course, this objection might be obviated by having such person make application to the court under this provision of the section. It would be difficult for him to make out any different case than is now before us.

The defendant concedes that this is not a case for an order of interpleader, because the defendant claims an interest in

the money himself, and does not consent to deliver it to any-one until such interest is adjudged.

The cases cited by defendant's counsel upon the duty and power of the court to order new parties to be brought in so that a complete determination of the controversy could be had, are all of them what would have been heretofore termed suits in equity, and upon the view we take of the scope of the section of the Code referred to, are wholly inapplicable. Such are the cases of *Turner* v. *Conant* (18 Abb. [N. C.] 160); *Haas* v. *Craighead* (19 Hun, 396); *Earle* v. *Hart* (20 id. 75); *Lawton* v. *Lawton* (54 id. 415). But the defendant claims that the case of *Derham* v. *Lee*, decided in this court and reported in 87 N. Y. 590, decides the point in controversy in his favor. Upon reference to that case it will be seen that it is entirely different from the case under discussion. In the *Derham* case one Michael W. Derham commenced an action to recover the amount of certain commissions earned by one Jackson in procuring a construction contract, and assigned by Jackson to one Ladd and by Ladd to the plaintiff. The plaintiff obtained judgment by default, and while that judgment was in force, he assigned it and the cause of action therein stated to John P. Sunderland with a covenant on his part that the amount of $2,821 was due upon it. The default was afterwards opened and the defendant Lee answered, denying the allegations of the complaint generally. This issue joined was referred for trial, and while trial was still pending, plaintiff Derham died. An order was afterwards obtained reviving the action in the name of Sarah Derham as administratrix of Michael W. Derham, and directing its continued prosecution before the referee already appointed. It was also recited in the order that it appeared that John P. Sunderland claimed an interest in the action, and it was ordered that the plaintiff have leave to serve a supplemental complaint making him a party defendant. Such complaint was served on each of the defendants Lee and Sunderland, and each answered. The supplemental complaint recited the allegations of the original complaint, and alleged that Sunderland claimed an interest in the amount due

from defendant Lee and demanded judgment in favor of the plaintiff as before, and also asked that it be adjudged that Sunderland had no interest in the claim which plaintiff made against defendant Lee.

Sunderland by his answer admitted the allegations of the complaint as to the indebtedness of Lee, but claimed that the former judgment by default and the cause of action therein stated had been assigned by the plaintiff to him, and prayed that he might have judgment against Lee for the sum stated in the complaint with interest, and that the plaintiff Sarah Derham might be adjudged to have no claim or interest therein.

The defendant Lee, in his second answer, controverted the allegations of Sunderland in regard to his interest in the matter. Upon the trial, the plaintiff gave evidence tending to establish the cause of action set out in the complaint, and thereupon Sunderland put in evidence the judgment and the assignment of it by the plaintiff Michael W. Derham to him. Lee, the other defendant, made no objection to this evidence. On the close of plaintiff's case, he moved to dismiss the complaint on the ground that no cause of action had been proved against him. The motion was denied, and Lee then called witnesses to controvert the case made, and was himself examined for the same purpose. The referee found that Lee was indebted as alleged in the complaint, but that Sunderland was the owner of the cause of action mentioned in the complaint by virtue of the assignment from Michael W. Derham to him, and he found that Sunderland, by virtue of the assignment, was entitled to all the interest of Michael W. Derham in the claim, and as such assignee he was entitled to recover of Lee, the other defendant, the amount of the claim. Judgment was entered pursuant to these findings, and on appeal it was affirmed at General Term. The defendant, Alice Lee, appealed to this court.

It will thus be seen that after the order bringing in the defendant Sunderland had been made, and the complaint of the plaintiff had been amended so as to ask for an adjudication upon the title to the cause of action mentioned in the judgment obtained by default, the action was changed, so far

as appeared by the consent of all parties, from a simple action at law to one in equity, and the decree of the court was asked to adjudicate upon the rights of all the parties to the action. No appeal was taken from the order and it was not opposed by either Lee or Sunderland, and the pleadings, after such order was granted, were based upon such order, so that with one consent there was an action in equity and a decree made therein. The appellant in this court, Lee, claimed that the referee erred in deciding that the defendant Sunderland was entitled to recover and directing judgment in his favor, and the point seems to have been taken that the defendants could not have relief against each other in such a case as was then presented to the court.

It was upon these facts that the learned judge, in writing the opinion of this court, stated that the action was not, as the appellant assumed, a mere common-law action, seeking judgment for a sum of money and no other relief. That the plaintiff also sought to extinguish an adverse or hostile claim to that money and to have determined not only the amount due from Lee, but the party to whom it should be paid. There are some expressions in the opinion of the learned judge which, taken from their context and not read in connection with the general facts of the case, might be claimed as tending to support the defendant's views, but an examination of the facts stated, together with the actual decision made by this court, renders it clear to our minds that it was not intended to overrule the general principle that, in an action at law, the plaintiff, seeking nothing but a money judgment, cannot be compelled to bring in any other parties than those he may choose to summon. If an equitable defense set up to a legal cause of action shows the absence of necessary parties defendant, in such case there must be either a nonsuit or a verdict ordered for the defendant. As is said in the *Derham* case, whether application to bring in Sunderland was made by the plaintiff or Sunderland, does not appear, but it must have been done by the consent of all the parties, and the question of the ownership of the claim against the defendant Lee, as

between the plaintiff and Sunderland, was raised by the pleadings and was thus the subject of investigation upon the trial, so far as appears with the consent of all the parties to the action. This case is, therefore, not an authority for the defendant. Nor does the defendant obtain any right to compel the plaintiff to bring in the assignee as a party under section 447 of the new Code, which provides that " Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party defendant, for the complete determination or settlement of a question involved therein, except as otherwise expressly prescribed in this act." This section does not enlarge the right of the defendant beyond · what he has under section 452. There can be a complete determination or settlement of the question involved in this action as between the parties to it, without the presence of anyone else. And as to the controversy between the plaintiff and the defendant, no one else has an interest therein adverse to the plaintiff.

The order made in this case was not a discretionary one The court had no power to make it.

It must, therefore, be reversed, with costs to the plaintiff, in all courts.

All concur.

Order reversed.