## PAUL MORSE RICHARDS, APPELLANT, *v.* CHARLES H. LUDINGTON, RESPONDENT.

*Usury — the statutory action to annul the contract is confined solely to the borrower and the lender.*

An action brought, pursuant to part 2, chapter 4, title 3, section 3 *et seq.* of the Revised Statutes, to annul a contract for the loan of money made at an unlawful rate of interest, and to recover what the lender has received in violation of the statute, is a controversy confined to the borrower and the lender.

Hence, where, after such an action is brought, the borrower makes an assignment for the benefit of his creditors, it is improper for the court to order such assignee to be made a party defendant to the action.

APPEAL by the plaintiff, Paul Morse Richards, and by Edgar A. Tredwell, as his assignee, from so much of an order, entered in the office of the clerk of the county of New York on the 30th day of January, 1891, as directed that said Tredwell, as such assignee, be made a party defendant in this action, and that the summons and complaint and all proceedings herein be amended to that effect.

*Thomas J. Keigham,* for the appellants.

*Amasa Richard Angell,* for the respondent.

DANIELS, J.:

The plaintiff has brought this action to set aside an agreement made by him with the defendant for the loan of money and to obtain a return of collaterals held by way of security for the loan, on the ground that it was made for a usurious rate and reservation of interest. Two days after the action was begun the plaintiff made a

general assignment for the benefit of his creditors. And soon afterwards the defendant made the motion resulting in this order. Its object was to substitute the assignee as plaintiff, but that was denied, and he was directed to be joined as a defendant. From that order both himself and the plaintiff have appealed.

This action has been brought under a statute of this State, authorizing the borrower of money at an unlawful rate of interest to maintain an action to annul the contract for the loan, and to recover money, goods or things in action received by the lender as security for the loan in violation of the act. And that action may be maintained by the borrower without the payment or the offer to pay any part of the principal or interest of the loan. (2 R. S. [6th ed.], 1164, 1165.)

The right to maintain it has been specially restricted to the borrower. (*Wheelock* v. *Lee,* 64 N. Y., 243.) The controversy is wholly, therefore, between himself and the lender. And no other person can, as this action is presented by the pleadings, be either a necessary or proper party to it. To substitute the assignee for the borrower would at once have defeated the suit, and to add him as a defendant would be of not the least service to the defendant in the way of aiding him in his defense to it. The effect would be to delay its progress by requiring the complaint to be framed anew, and a further and useless attribute added to the action which could be of no benefit to the plaintiff or the defendant. In this respect the case is within the principle followed in *Chapman* v. *Forbes* (123 N. Y., 532). No beneficial result to any one can legally follow from the order, and as both the assignee and the plaintiff object to it, the order should be reversed, with ten dollars costs and the disbursements, and the motion denied.

VAN BRUNT, P. J., and LAWRENCE, J., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion denied.