WALSH v. NATIONAL BROADWAY BANK.

(Common Pleas of New York City and County, General Term. June 3, 1895.)

1. MONEY HAD AND RECEIVED—WHEN ACTION LIES.
    Money intrusted to an agent for specific investment, but by him diverted from its destination, and deposited in bank to his personal account, may, after demand, be recovered of the bank by the principal, in an action for money had and received, although at the time of the deposit the bank had no notice of plaintiff's right, and although at the time of the demand the plaintiff did not present the depositor's check. 32 N. Y. Supp. 734, affirmed.

2. SAME—PARTIES.
    In such action the agent depositor is not a necessary party defendant. 32 N. Y. Supp. 734, affirmed.

(Syllabus by the Court.)

Appeal from special term.

Action by Jennie Walsh, as trustee, etc., against the National Broadway Bank. From an interlocutory judgment overruling a demurrer to the complaint (32 N. Y. Supp. 734), defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

W. C. Beecher, for appellant.
Richard O'Gorman, for respondent.

PRYOR, J. The appeal is from an interlocutory judgment overruling a demurrer to a complaint. The demurrer imputes to the complaint two infirmities,—insufficiency in substance, and defect of parties. The action is at law, for money had and received, and the complaint alleges that the plaintiff, desiring to invest $2,000 in bond and mortgage, drew and indorsed a check for that amount, and delivered it to Charles J. Breck, with instructions so to invest it; that, instead, Breck, "in violation of his duty," deposited the check with the defendant, to his personal account; that the defendant collected the amount of the check, and placed it to the credit of Breck; that, of Breck's deposit, $1,652.72, are still held by the defendant; and that upon demand the defendant refused to pay this money to the plaintiff.

Upon the rule of construction that a complaint "is deemed to allege what can by reasonable and fair intendment be implied from its allegations" (Marie v. Garrison, 83 N. Y. 14), the complaint before us shows that Breck received the check for investment in behalf of the plaintiff; that, instead, he diverted it from its destination, and, in fraud of his trust, deposited it with the defendant for his personal account; and that, of the amount of the check collected by the defendant, it retains the balance sought to be recov-

ered.   By the demurrer these facts are admitted, and yet the defendant resists plaintiff's claim to the money.   The controversy is exclusively between the plaintiff and the defendant, and its determination depends upon the question, which of the parties has the better right?   The demurrer concedes that the money was plaintiff's, not Breck's, and that defendant holds it merely as a depository for Breck.   But, being the money of plaintiff, and wrongfully deposited by Breck to his own account, by what right may the defendant retain it from the lawful owner?   The answer is that by the deposit the money became the property of defendant, and it became a debtor to Breck for the money.   Undoubtedly, this is the relation between Breck and the bank; but the plaintiff is not a depositor with the defendant, and the deposit of her money by Breck, as his, was utterly ineffectual to divest her title.   O'Connor v. Bank, 124 N. Y. 324, 333, 26 N. E. 816.   In the absence of estoppel, one may not be deprived of his property by the wrongful act of another.   The defendant's position is as custodian of a fund to which, ex aequo et bono, the plaintiff is entitled; and, by virtue of elementary principles, she may reclaim it in a common-law action, even though the defendant received it without notice of her right. Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606; Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3;  Bank v. Peters, 123 N. Y. 272, 25 N. E. 319; O'Connor v. Bank, supra;  Refining Co. v. Fancher, 145 N. Y. 552, 557, 40 N. E. 206.

It is insisted further that, at all events, the defendant is not compellable to part with the money except upon the authority of Breck's check; and this is so, as between Breck and the defendant, because such is the contract between a bank and its depositor.   But we say, again, that the plaintiff made no deposit with the defendant; and, obviously, the obligations between bank and depositor are not predicable of the relation between these parties.   The defendant holds the plaintiff's money by wrong, and the only obligation between them is the promise of the defendant, implied by law, to refund to the plaintiff on demand.

Beyond doubt, the complaint exhibits a cause of action for money had and received.

Nor is there a defect of parties.   The contention is that Breck should be a defendant; but why?   The demurrer admits that he has no right to the money.   Where, then, is his interest in the action?   In a common-law case, a plaintiff is not compellable to introduce other defendants;  and, even if the action be in equity, Breck is still not a necessary party, because, having no right, there may be a complete determination of the controversy without his presence.   Code, § 452; Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3.   Indeed, the conclusion would be the same though he asserted a right, for the issue is between plaintiff and defendant only, and that may be adjudicated without Breck's intervention.   His right, if any, would not be affected by the judgment between these parties. The defendant urges that it would be thus exposed to the peril of a double recovery,—by the plaintiff and by Breck,—to which the threefold answer is:   First, that it is only when the controversy

may not be determined between the parties present, "without prejudice to the rights of others," that those others should be brought in; secondly, that it is by the defendant's neglect to interplead Breck that it incurs the hazard of which it complains; and, thirdly, that an action by Breck for the money would be defeated by proof of payment to true owner under compulsion of a judgment. The demurrer being tenable upon neither ground, the judgment is affirmed, with liberty to plead over, on the usual terms.    All concur.