### FEINBERG v. AMERICAN SURETY CO.

(City Court of New York, General Term. July 11, 1900.)

PARTIES—PRINCIPAL AND SURETY—INSTRUMENT UNDER SEAL.

Under Code Civ. Proc. § 452, providing that if a person, not a party to the action, has an interest in the subject thereof, the title to which may be affected by the judgment, and he applies to be made a party, the court must direct him to be brought in by proper amendment, one who is not a party to an attachment bond under seal, executed by a surety company, is not entitled to come in and defend an action on the instrument against the surety company on the ground that he has an interest in the action because he indemnified the company when it executed the undertaking.

Appeal from special term.

Action by Michael Feinberg against the American Surety Company of New York on an attachment bond given in a prior suit by William K. Hawkins against Solomon L. Pakas. The attachment was dissolved on plaintiff's motion in the attachment suit, and thereafter he assigned his claim on the bond to plaintiff, Feinberg. William K. Hawkins, plaintiff in the attachment suit, though not a party to the attachment bond, was the real principal, and had contracted to indemnify the surety company for any liability thereon, and he moved for an order permitting him to be made a party defendant to the action on the bond, which was granted, from which plaintiff appeals. Reversed.

Argued before CONLAN, SCHUCHMAN, and HASCALL, JJ.

M. D. Steuer, for appellant.
Powell & Cady, for respondent.

HASCALL, J. The presence of Hawkins is not necessary to a complete determination of the rights of the parties plaintiff and defendant. Whatever interest Hawkins may eventually have, as between himself and the surety company, is quite immaterial to the issue as made by the pleadings already of record. This is an action at law upon an instrument under seal. Mr. Hawkins is not a party to such instrument, and is not primarily liable. Section 452 of the Code is not applicable to the status of the parties shown by the papers (Webster v. Bond, 9 Hun, 439; Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3), and the order below ought not to stand.

Order appealed from reversed, with costs to appellant. All concur.