(81 App. Div. 294.)

WESTINGHOUSE, CHURCH, KERR & CO. v. WYCKOFF et al.

(Supreme Court, Appellate Division, Third Department. March 27, 1903.)

1. PARTIES—ACTIONS AT LAW—APPLICATION TO BE MADE DEFENDANT.

   In an action at law plaintiff cannot be compelled to bring in any other parties than those whom he has chosen, though the merits of the controversy may require further parties to be brought into the action.

Appeal from Special Term, Tompkins county.

Action by Westinghouse, Church, Kerr & Co. against Edward G. Wyckoff, in which the Remington Salt Company applied to be made a party defendant. From an order denying the application, applicant appeals. Affirmed.

This action is brought against the defendant on a promissory note made by said Remington Salt Company and indorsed by said defendant. Said company alleges that there was a total failure of the consideration for which said note was given by it to said plaintiff. Said company was not made a party defendant in the action, but desires to intervene and litigate the question as to the failure of consideration for said note as set forth in detail in its proposed answer.

Argued before PARKER, P. J., and SMITH, KELLOGG, CHASE, and CHESTER, JJ.

J. H. Jennings (William Nelson Noble, of counsel), for appellant.

Dill & Baldwin (Arthur J. Baldwin and Edward D. Magoffin, of counsel), for respondent.

CHASE, J. On the facts in this case we would reverse the order made at the Special Term, and grant the appellant's application, if it had not been held that this court had no power to make such an order. The Court of Appeals has held that in an action at law a

plaintiff cannot be compelled to bring in any other parties than those he has chosen. Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3; Bauer v. Dewey, 166 N. Y. 402, 60 N. E. 30. The learned counsel for the appellant does not deny that this is an action at law, but contends that the cases cited should not be deemed controlling, except where the merits of the controversy require that no further parties should be brought into the action. Such a limitation would be an effectual destruction of the rule itself. If said rule adopted by the Court of Appeals is to be modified and limited in its application, such modification and limitation should be stated by that court.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.