THE EMIGRANT INDUSTRIAL SAVINGS BANK, Plaintiff, *v.* JAMES E. FOYE et al., Defendants.

(Supreme Court, New York Trial Term, January, 1922.)

**Savings banks — deposit of proceeds of a larceny belongs to owner of stolen property.**

F., one of the defendants, a clerk in the hotel at which defendant M. resided, and in charge of the delivery and receipt of valuables of guests for deposit in the vaults of the hotel, sold jewelry belonging to M. and the next day under an *alias* deposited with the plaintiff bank, not the amount received for the jewelry but a substantial sum the acquisition of which was not explained. In an action to determine the

ownership of the deposit which was claimed by various defendants, *held*, that it was a reasonable deduction that the fund in bank was a part of the proceeds of the larceny and should go to the defendant M.

SUIT to determine ownership of savings bank deposit claimed by various defendants.

E. J. Gorman, for plaintiff.

J. H. Logan, for defendant Foye.

McAVOY, J.   The defendant Foye deposited a sum of money in plaintiff bank, which defendant Millheiser asserts is the proceeds of a larceny from her of certain jewelry.   The events from which such an inference may be drawn are: Defendant Foye was a clerk in the hotel at which Mrs. Millheiser resided.   He was in charge of the delivery and receipt of valuables deposited in that hotel's vaults by its guests.   Jewelry identified as that of defendant Millheiser was sold by defendant Foye on December 17, 1919, and the deposit here was made by Foye on December 18, 1919, in a sum not of the amount received for the jewelry, but of a substantial sum, the acquisition of which is not explained.   The fund was deposited under the alias Barclay Wharton, by Foye, which of itself indicates an endeavor to conceal his identity as a depositor, and raises a likelihood of the unlawful acquirement of the fund.   While there must be an identity of the proceeds received from the larcenous taking and the moneys deposited, in order that the defendant Millheiser may be awarded this bank deposit, nevertheless, if it may reasonably be deduced from all the circumstances that the fund was created through the sale of the goods purloined it may be followed into whosoever's hands it may come.   To decide that the fund is

not directly traced from its receipt as the proceeds of the sale of the jewelry to the actual deposit would be to flout the basis of facts upon which common judgment is formed. Nowhere outside a court room would it be proposed that a holding be made that the moneys in the bank are moneys acquired elsewhere than from the obvious source. The process of illation is not strained in the finding that it is a part of the proceeds of the larceny, and therefore should go to the owner of the jewelry.

Ordered accordingly.