In the Matter of the Estate of WILLIAM GIVIS, Deceased.

Surrogate's Court, New York County, December 28, 1951.

*Robert R. Rosan* for Timothy F. O'Connell, as ancillary executor of William Givis, deceased, petitioner.

*Edward S. Lentol* for Frank Givis and another, respondents.

*Thomas A. Shaw* for Bowery Savings Bank, respondent.

FRANKENTHALER, S. Upon the settlement of the decree in this discovery proceeding question has arisen as to the right of the respondent savings bank to require a provision in the decree that payment by the bank in compliance with the prior determination of the court (*Matter of Givis*, N. Y. L. J., Dec. 10, 1951, p. 1571, col. 6) be conditioned upon either a presentation of the passbook or the furnishing by petitioner of an indemnity bond in double the amount of the payment. The respondent bank refers to the requirements of its contract with its deposi-

tor, a corespondent herein. The authority for such contract requirements is found in subdivision 3 of section 238 of the Banking Law. The same statute explicitly authorizes payment by the bank pursuant to the judgment or order of a court but, despite the protection of the statute, the bank contends that payment under the direction of the court may subject it to payment a second time to an assignee of the depositor. That risk does not exist. The money deposited with the bank was not the depositor's but instead was money of the estate of which petitioner is the representative. The money belonged to the estate despite the fact that it was deposited in the individual respondent's name and it was recoverable from the bank by the true owner. (*Walsh* v. *National Broadway Bank,* 11 Misc. 249, affd. 13 Misc. 3; *Emigrant Ind. Sav. Bank* v. *Foye,* 117 Misc. 706; *American Sugar Refining Co.* v. *Fancher,* 145 N. Y. 552; *Matter of Lamport,* 71 N. Y. S. 2d 414.) While a creditor may accept stolen money, without inquiry as to its source, in payment of a debt (*Hatch* v. *Fourth Nat. Bank,* 147 N. Y. 184), the public policy that creates a special rule of law respecting payment to an innocent creditor with cash or negotiable paper has no application to an assignment of the passbook. The passbook is not negotiable. (*Myers* v. *Albany Sav. Bank,* 57 N. Y. S. 2d 448, affd. 270 App. Div. 466, affd. 296 N. Y. 562.) The individual respondent's assignee would stand in no better position than his assignor and any claim under the assignment would be subject to every defense that could be interposed against the assignor. The assignment could be only of any debt owed by the bank to its depositor and it has been determined that, as to the fund in question, the bank's creditor is not the nominal depositor but the estate. As to that fund, the individual respondent had no interest to assign. The decisions exacting indemnity bonds from judgment creditors of a depositor or from depositors themselves, as contracting parties with the bank, have no application in this situation because here neither the contracting party nor a person deriving his status from the contracting party is seeking to collect a debt due the nominal depositor by the bank. Petitioner will not be required to furnish an indemnity bond.

Costs and disbursements have been taxed and the decree has been signed.