Vincent A. Lupiano, J.
Plaintiff, a jeweler, sues to repossess a diamond bracelet from the defendant, valued at $35,350; or, for such sum if possession cannot be obtained, with damages for the wrongful detention thereof. It was stipulated at the trial that $770 was paid for the premium paid on a bond caused to be obtained by plaintiff in connection with a writ of replevin issued herein. Defendant admits she is in possession of the bracelet which is being held by her attorney on her behalf.
Defendant and her husband (not a party to this action) went to the establishment of the plaintiff. A salesman of the plaintiff showed the defendant and her husband a number of diamond bracelets and, upon examination, she expressed a desire for the bracelet in question. Thereupon, the salesman handed over the bracelet to defendant and her husbavd; but prior to the *496 delivery of the diamond bracelet, defendant’s husband signed a standard jeweler’s memorandum, the pertinent part of which follows: “ The goods described and valued as below are sent for your examination and remain the property of habby winston, Inc., or consignor, and are to be returned on demand. Title shall not pass nor shall sale be effected until you have notified us of your agreement to pay the indicated price and we have indicated our acceptance thereof by sending you a bill of sale. Title shall then pass only to the articles so billed. In consideration of the delivery of said property to the undersigned the undersigned assumes full and unqualified responsibility for the absolute return of said property on demand without any excuse or defense whether for accident or any other cause mentioned or not, such obligation assumed being that of absolute insurer.”
Defendant claims she did not know the contents of the memo but acknowledges that the signature on the aforesaid “ Jeweler’s Memorandum” is her husband’s. She admits, further, that demand for the return of the bracelet was made upon her.
Notwithstanding such memorandum, defendant claims that a “ sale on credit ” took place which she can show by parol evidence, and as a donee of a gift from her husband she is entitled to possession based on good title passed on to her by her husband.
It is to be noted that the defendant’s husband was not called to testify by either party to this litigation. It is also to be noted that the defendant and her husband have separated.
Upon this record, the court accepts the version of the events evidenced through plaintiff’s employees, namely, that this was a transaction ‘ ‘ on memorandum and approval ’ ’, and not a sale as contended by the defendant. Hence, title did not pass and defendant is relegated to the rights of her husband. Defendant may have presumed her husband completely purchased the diamond bracelet for her, but her trusting nature was misplaced. Her affirmative defense, in this respect, is stricken. Nor can the defendant take refuge here by insisting that her husband is a necessary party defendant. He is not. Defendant has admitted possession of the article sued for in this action which is of a possessory nature. Here, “ [t]he presence of no other person is required to finally determine the issue, and the determination affects no other person’s rights.” (Chapman v. Forbes, 123 N. Y. 532, 538-539.)
The proof sustains the value of the bracelet to be $35,350. Accordingly, plaintiff is entitled t.o judgment as prayed for in the complaint and the sum of $770 which was necessarily incurred because of defendant’s wrongful detention of the bracelet.