## SUPREME COURT.

### PATIENCE S. HILLMAN agt. LEVI C. HILLMAN.

Where the complaint, in fact, contains but a single cause of action, although stated in different counts, whatever else it may contain, the defendant cannot successfully *demur*, on the ground that *several causes of action are improperly united*.

It is not often that a demurrer to a complaint will lie for the *non-joinder* of a defendant. The case of a *husband*, in an action brought by the wife alone to recover her separate estate, forms no exception to this rule. He should be made a defendant, if he claims any interest in the subject of the action, or if a complete determination of the matter before the court cannot be made without him; and it must be shown that his interest requires that he should be made a party to the litigation: but the mere fact that he is a husband is not sufficient ground for making him a defendant.

Where, upon demurrer to the complaint that it does not state facts sufficient to constitute a cause of action, it appears from the facts alleged in the complaint that, if established on a final hearing, the court, in the exercise of equity jurisdiction, would not refuse the relief sought, the demurrer cannot be sustained.

*Albany General Term, May,* 1856.

*Present,* HARRIS, WATSON *and* GOULD, *Justices.*

THIS was an appeal from an order made at special term, overruling the demurrer of the defendant to the plaintiff's complaint, and granting leave to the defendant to answer, upon payment of the costs of the demurrer.

The plaintiff is a married woman, and sues by John Anthony, as her next friend.

It is alleged in the complaint that, in August, 1834, James Wallace died intestate, and seized of certain real estate in Troy and Lansingburgh, leaving the plaintiff, his widow, and three infant children his heirs at law; that the plaintiff, in March, 1837, intermarried with John Hillman, and, by an agreement between her and her husband, she was entitled to hold her interest in the estate of her former husband as her separate property, and the same was settled upon her in her own right; that, having removed from the city of Troy to the

county of Wayne, she appointed the defendant her attorney to manage and transact her business relating to her separate estate.

The complaint further states that, in November, 1838, one of the children of James Wallace died, whereby the plaintiff, as the mother, became entitled to a life-estate in the share of the deceased child; that Theodore C. Wallace, another of the children, was improvident and dissolute, and apprehending that he would squander his share of the property, the plaintiff instructed the defendant, as her attorney, to purchase for her, and in her own right, and from her separate estate, the interest of Theodore in the estate of his father, after he should become twenty-one years of age, and to take a conveyance thereof to her; that the plaintiff, out of her separate estate, furnished the defendant with the means of making such purchase, and the defendant promised to make the purchase as soon as it could legally be done, and to take the conveyance in the name of the plaintiff.

The complaint further states, that the defendant, disregarding the instructions of the plaintiff, and his promise to comply therewith, shortly after Theodore C. Wallace became of age, and in September, 1850, and while he was in a state of intoxication, procured from him a quit-claim deed of all his interest in the estate of his father as heir at law; that the interest so conveyed to the defendant was worth $2,500, and the sum actually paid therefor by the defendant was $340.57; that the defendant, when first applied to, promised to convey the property to the plaintiff, but now refuses.

The complaint then proceeds to state, "*for a further and separate cause of action,*" that at the time the defendant induced Theodore to execute to him the deed of his property, he was his guardian, having been duly appointed by the surrogate of Rensselaer, and that, availing himself of the trust and confidence induced by this relation, and while Theodore was intoxicated and incapable of understanding the nature and effect of his acts, he fraudulently and unlawfully procured from him the deed; that on the 15th of September, 1852, Theodore, for a valuable consideration, assigned to the plaintiff all his right,

title and interest in the estate of his father, and as heir at law of his sister, and all claims against the defendant as his guardian or otherwise; that the plaintiff has demanded a conveyance from the defendant, and has offered to pay the consideration paid by him, and the interest thereon, but the defendant refuses to convey.

The relief demanded is, that by the judgment of this court, the defendant may be compelled to execute and deliver to the plaintiff, a conveyance of all his right, title and interest, in and to the property mentioned in the complaint, upon being paid the amount of the consideration actually paid by him, with the interest.

The defendant demurred to the whole complaint, on the ground that several causes of action had been improperly united. He also demurred to the *first* count in the complaint, on the ground of a defect of parties, insisting that the plaintiff being a married woman, her husband, John Hillman, ought to have been made a defendant; and, secondly, because it does not state facts sufficient to constitute a cause of action.

The defendant also demurred to the second count, first, on the ground of a defect of parties, alleging that the husband of the plaintiff should have been made a defendant, and also Theodore C. Wallace; and, secondly, that this count does not state facts sufficient to constitute a cause of action.

The demurrer was argued at a circuit court and special term, held at Troy, in November, 1855, before Mr. Justice PARKER, who made an order overruling the demurrer, but with leave to the defendant to answer upon payment of the costs of the demurrer, to be taxed. From this order the defendant appealed to the general term.

WM. A. BEACH, *for plaintiff.*
MARTIN I. TOWNSEND, *for defendants.*

By the court—HARRIS, Justice. It seems to me that both parties have misapprehended the true character of the complaint, as a pleading. The plaintiff has assumed that she had

two distinct causes of action, and has presented her facts upon that theory. The defendant, without questioning the fact that two causes of action are set forth in the complaint, has undertaken to show that they are such causes of action as cannot legally be joined in the same suit. The fact is, that the complaint contains but a single cause of action. The plaintiff alleges that the defendant has wrongfully obtained the title to certain real estate, which he ought to convey to her. This she seeks to compel him to do. The various facts tending to show that she has a right to this relief, are set forth in the complaint, some in one count, and some in the other. They all, so far as they have any effect as a pleading, are intended to establish one single point, and that is, the right of the plaintiff to have a conveyance of the property in question from the defendant. But for the fact that in drawing the complaint, the pleader has commenced one of his paragraphs by stating that what he is about to allege is, "for a further and separate cause of action," no one at all acquainted with the subject of pleading, would have thought, for a moment, that the complaint stated more than a single cause of action. Such a mistake, however, does not vitiate the pleading. It may appear awkward, and, as this case shows, tend to mislead and confuse; but if in fact the complaint contains but a single cause of action, whatever else it may contain, the defendant cannot successfully demur, on the ground that several causes of action are improperly united.

This view of the case renders the demurrers to the several counts of the complaint informal, but I will proceed to consider them, so far as they might be made applicable to the complaint, regarding it as stating a single cause of action.

One ground of demurrer taken by the defendant to each of the counts in the complaint is, that the husband of the plaintiff should have been made a defendant. I think this position is not tenable. According to the admitted allegations in the complaint, the suit relates to the separate property of the plaintiff; she is therefore obliged to sue alone. (*See Smith* agt. *Kearney*, 9 *How.* 466; *Brownson* agt. *Gifford*, 8 *How.* 395.) A party sued may undoubtedly insist that another party ought also to

be sued with him.   But to sustain a demurrer on this ground, it must appear that the party demurring has an interest in having such other party made a defendant.   As a general rule, the plaintiff may choose for himself what persons he will make defendants.   So far as it can, without prejudice to the rights of others, the court will determine the controversy between the parties before it, but when this cannot be done, it will take measures to have the necessary parties brought in.   It is not often that a demurrer will lie for the *non-joinder* of a defendant. The case of a husband in an action brought by the wife to recover her separate estate, forms no exception to this rule.   He should be made a defendant, if he claims any interest in the subject of the action, or if a complete determination of the matter before the court cannot be made without him; but the mere fact that he is a husband, is not a sufficient ground for making him a defendant.   Before the defendant can sustain a demurrer on account of his *non-joinder* as a defendant, he must show that his interest requires that he should be made a party to the litigation.

Nor can I see that Theodore C. Wallace was a necessary party.   If the facts alleged are true, as they are conceded to be by the demurrer, he has no interest in the controversy.   He has divested himself of all claim to the property, first, by his deed to the defendant, and then by his assignment to the plaintiff.   The only question to be litigated is, whether the plaintiff or the defendant has the better right.   In this question he is not concerned.

The only other ground of demurrer is, that the complaint does not state facts sufficient to constitute a cause of action. The *gravamen* of the complaint is, that the deed for the property in question was fraudulently obtained by the defendant. It cannot be denied, if we assume the allegations of the complaint to be true, as we do upon this issue, that the defendant has acted unfairly towards the plaintiff.   He was her attorney to manage and transact her business in respect to her separate estate.   She was desirous, for good reasons, which sufficiently appear in the complaint, of procuring the title to the interest

of her son in the estate of his father, and instructed the defend-
ant, as her attorney, to make the purchase, and furnished him
with the means of doing so, out of her separate estate. The
defendant promised to make the purchase, and take the convey-
ance in the name of the plaintiff. The further allegation of
the complaint is, that the defendant, disregarding his duty to
the plaintiff, and intending to cheat and defraud both the plain-
tiff and her son, and taking advantage of the incapacity of the
latter, procured from him a conveyance of a valuable estate for
a very inconsiderable price. The mere statement of these
facts is quite enough to show that the defendant cannot have
judgment upon his demurrer, on the ground that the complaint
does not state facts sufficient to constitute a cause of action.
If, upon the final hearing, the plaintiff shall be able to establish
the case she has presented in the complaint, no court having
equity jurisdiction, will refuse her the relief she seeks. The
order of the special term should be affirmed, but with liberty
to the defendant to answer the complaint within twenty days
after being served with a copy of the order to be entered upon
this decision, upon payment of the costs of the demurrer and
this appeal, to be taxed by the clerk of Rensselaer.