## SUPREME COURT.

CHARLES M. DURANT, receiver of HUGH DOWNING, agt. HEMAN M. GARDNER, ROSWELL GREEN and others.

Where a complaint contains a *demand for judgment* upon hypothetical or alternative conclusions of law, at which it is supposed the court may arrive on the trial, such demand will be stricken out.

And where, in the complaint, the prayer for *general relief* is entirely inconsistent with the demand for judgment for a specified amount in an action for a money demand on contract, such prayer will be stricken out.

*New York Special Term, May,* 1860.

MOTION by defendants to strike out portions of the amended complaint.

BONNEY, Justice. The summons in this action is for a money demand on contract.

The original complaint stated facts supposed to constitute a cause of action, whether legal or equitable might be doubtful, and prayed judgment that defendants in one event be decreed to account and pay to plaintiff their proportions of certain sums of money claimed to be due; and that plaintiff have judgment against them for $6,958, with interest and costs; and in another event, demanded judgment against the defendants, as trustees, for said sum of money with interest, and for general relief.

On the 21st of January last, an order was made on defendants' motion, that the complaint be stricken out for irregularity, in that it did not conform to the summons, with leave to plaintiff to serve an amended complaint.

The plaintiff has served an amended complaint, which, or portions of which, the defendants now move to strike out.

The plaintiff in this amended complaint, after stating his appointment as receiver of Downing, &c., alleges that

the defendants and Downing undertook to form and act as a manufacturing corporation, under the laws of this state, of which corporation Downing and defendants were named and acted as trustees; that such supposed corporation and trustees neglected to perform certain required acts necessary to the proper formation, or continued legal existence of their incorporation. That for the benefit of the company, and *at request of said trustees*, Downing advanced and paid various sums of money and assumed liabilities, in the aggregate amounting to $6,958, which the company was liable to pay him, and which the defendants, by reason of their neglect of duty as such trustees, became liable to pay; and that the right to and to collect the same has passed to the plaintiff as receiver.

The complaint further alleges that if the intended corporation was not legally formed, the defendants and Downing remained an unincorporated joint stock company, and as such (in that case, I suppose is intended) the defendants are liable to pay said indebtedness to Downing; and plaintiff prays judgment that in case said corporation be adjudged not to have been legally formed, the defendants be adjudged to pay to plaintiff, and that he have judgment against them for said $6,958, and interest. But if it be adjudged that said corporation was duly formed, then that plaintiff have judgment for said sum of money and interest, against the defendants, as trustees, for their alleged defaults, neglects and omissions of duty

The conclusions of law upon which the plaintiff demands judgment against the defendants, are somewhat inartificially and probably unnecessarily stated in the complaint. It would have been sufficient, and I think better pleading to have plainly alleged the facts upon which plaintiff relies, and demanded judgment for the amount of money claimed to be recovered; omitting any statement of supposed legal principles upon which he relies to maintain his claim.

But the plaintiff has, I think, intended to allege that upon the facts stated he has a legal claim against the defendants for the money demanded, on an implied contract arising upon alleged irregularities in the supposed formation of the intended corporation, or neglect in the subsequent performance of their duties as trustees of such corporation, by reason of which the defendants, personally instead of the corporation, have become his debtors for the money by him advanced, &c., which in my opinion is a claim for a money demand on contract; and if the plaintiff at the trial shall fail to make out a contract, express or implied, he must fail in the action.

I do not think the plaintiff has in this amended complaint stated, or intended to state, two classes or forms of action, or indeed two counts. He has stated unnecessarily, I think, two supposed legal grounds upon which he seeks to maintain his action; but such statement is *not uniting two inconsistent causes of action or claim* which requires one to be stricken out from the complaint.

The defendant moves to strike out three specified sections or portions of the amended complaint. The first mentioned section is a statement of facts which appears to be unobjectionable, if not absolutely necessary to be stated.

The second section moved to be stricken out is a demand for judgment upon hypothetical or alternative conclusions of law, at which it is supposed the court may arrive on the trial; and this appears to me not only unnecessary, but improper to be inserted in the complaint.

The third section is a prayer for general relief, entirely inconsistent with the demand for judgment for a specified amount in an action for a money demand on contract, and therefore improper, even if harmless.

The motion is granted to strike out the second and third sections of the amended complaint specified in the notice. As to other matters denied; no costs to either party.