Brady, J.
The plaintiff’s assignor having been a workman of' “The New York Fengot Coal Co.,” recovered a judgment against them for the amount due to him. The plaintiff seeks to obtain payment of the judgment from the defendants, and alleges that they were trustees and failed to make the return required by the provisions of the act authorizing their incorporation, by which they become liable for this debt of the company, and also that they were stockholders at the time the debt due to the plaintiff’s assignor was contracted, and claims that they are for that reason *378 liable for such debt under the provisions of the act aforesaid. There is but one cause of action stated; The statement of different facts, either of which being established would render the plaintiffs liable, is not the union of two inconsistent causes of action. The right to maintain the one cause averred is predicated of different provisions of the sanje statute, namely, that the trustees omitted to file the return required, and were stockholders when the debt of the assignor for services as a laborer accrued. Although it may be that the causes of action are different, involving, it may be said, different kinds of evidence to sustain them, yet they rest upon provisions of the same statute and upon kindred proof, and it must not be overlooked that the trustees are required by that law to be stockholders (Laws of 1848, ch. 40, § 3). I think such a form of pleading in such a case is not objectionable under the Code (see Durant v. Gardner, 10 Abb. Pr., 445 ; Jones v. Palmer, 1 Id., 442 ; Smith v. Douglass, 15 Id., 266). The latter averment that the defendants are stockholders, may be regarded as one in support of the cause of action set out.
Motion denied, but without costs.