Giegerich, J.
The complaint alleges that the plaintiff, after having qualified as trustee under the last will and testament of Joseph P. Quin, deceased, employed a certain firm, attorneys and counselors at law, as her legal advisers in the management and care of said trust estate, and thereafter delivered to one of her attorneys her check to her own order for $2,000, indorsed by her, with instructions to invest said amount in a bond and mortgage on real estate; that such attorney, in violation of his duty to the plaintiff, deposited said check with the defendant to his own personal account; that the defendant collected the amount of said check, and placed the same on its books to the credit of said attorney, and that of said amount a balance of $1,652.72 remains on deposit with the defendant; that the amount so deposited was part of the funds of the said trust; and that the plaintiff duly demanded payment of said sum of $1,652.72, but no part thereof has been paid. The defendant demurred to the complaint on the grounds—First, that it appears upon the face of the complaint that there is a defect of parties defendant, in the omission of the attorneys referred to; second, that it appears upon the face of the complaint that the same does not state facts sufficient to constitute a cause of action.
The disposition of the first ground of demurrer turns upon the question whether a complete determination of the controversy can be had without the presence of the attorneys in question. I do not perceive why it cannot. The relief sought is for a money judgment, and not for equitable relief. This is clearly a common-law *856 action for money had and received. Roberts v. Ely, 113 N. Y. 128;. 22 St. Rep. 185. And it is well settled that in an action at law, where the plaintiff seeks nothing, but a money judgment, he cannot be compelled to bring in any other parties than those he may choose to summon. Hillman v. Hillman, 14 How. Pr. 456, 460; Chapman v. Forbes, 128 N. Y. 532, 538, 542; 34 St. Rep. 351, and citations. In Hilllman v. Hillman, Harris, J., who spoke for the-court, said:
“As a general rule, the plaintiff may choose for himself what persons he will make defendants. So far as it can, without prejudice to the rights of others, the court will determine the controversy between the párties before it, but when this cannot be done it will take measures to have the necessary parties brought in. It. is not often that a demurrer will lie for rhe non-joinder of a defendant.”
Section 452 of the Code of Civil Procedure, in part, prescribes;-
“The court may determine the controversy, as between the parties before it, when it can do so without prejudice to the rights of others, by saving their rights ; but where a complete determination of the controversy cannot be had without the presence of' other parties, the court must direct them to be brought in.
This section refers to parties in what, under the old practice,, would have been suits in equity; and it is apparent that it was-never intended to make it incumbent upon a plaintiff, in an action at law, to sue any other than the parties he should choose. Chapman v. Forbes, at page 538, 123 N. Y., and citations.
The meaning of the Code relative to “a complete determination, of the controversy” has been thus defined:
“Where there are persons, not parties, whose rights must be ascertained and settled before the rights of the parties to a suit can. be determined.” Chapman v. Forbes, supra, and citations.
The plaintiff alleges, and the defendant, by its demurrer admits, that the defendant received moneys from another, which belong to-the plaintiff, but which have not been paid, although demanded. It being thus admitted by the demurrer that the plaintiff is entitled, ex aequo et bona, to the whole of the recovery demanded, I fail to see how the presence in this action of the attorneys, or the legal' representatives of such of them who may have departed this life could alter or affect the result which must follow from this admission; consequently, the controversy can be completely determined, without the presence of any other person. The rule must be regarded as well established by frequent decisions of the courts in this state that, so long as money or property belonging to thé principal, or the proceeds thereof, may be traced and distinguished’ in the hands of the agent, or his representatives or assignees, the principal is entitled to recover it, unless it has been transferred for value, without notice. In other words, when the debt created by a deposit belongs to the principal, instead of the agent who made-it in his own name, the bank, upon notice of the facts, must recognize the actual, rather than the nominal, depositor. Van Allen v. American Nat. Bank, 52 N. Y. 1; Baker v. Bank, 100 id. 31;. Viets v. American Nat. Bank, 101 id. 563 ; O'Connor v. Mechanics' *857 Bank, 124 id. 324, 332, 333 ; 36 St. Rep. 277 ; Holmes v. Gilman, 138 N. Y. 369 ; 52 St. Rep. 873. The case before us comes clearly within this principle. The plaintiff, by this action, seeks to recover only such a sum as remained on deposit with the defendant, after notice had been given to it of the plaintiff’s claim of title-thereto. The case, therefore, is free from hardship to the defendant, which, at most, will be required to repay to the plaintiff only such sum as it Would have been compelled to pay to her attorney at the present time if such notice had not been - given ; in other-words, payment to the principal will absolve the defendant from making payment to the agent.
It is immaterial whether the defendant knew of the trust when-it received the deposit in question. Church, C. J., in speaking for the court upon this subject in Van Allen v. American Nat. Bank, supra, at page 10, says:
“It was suggested on the argument that notice to the bank by the depositor was necessary, to protect the rights of the plaintiff,, but this is not so. The title of the plaintiff does not depend upon whether the bank knew he had a title or not. That rested upon other facts. A notice to the bank might have prevented any transfer or the creation of a lien by the depositor, or prevented the-bank from taking or acquiring such lien in good faith, but could not otherwise be necessary or important.”
And in Roberts v. Ely, supra, Andrews, J., who spoke for the court, at page 132, 113 N. Y., said:
“It is immaterial, also, whether the original possession of the money by the defendant was rightful or wrongful. It is sufficient that the duty exists on his part, created by the circumstances, to account for and pay it'over to the plaintiff.”
The demurrer contends that it only agreed to discharge its indebtedness by paying the check of the depositor, but the complaint, does not allege that such an agreement was made. If there was, it should be set up in the answer. But such an agreement would not be binding upon the plaintiff unless the same was sanctioned by her, or was subsequently ratified by her, with knowledge of the-facts. It was the duty of the defendant, upon notice of the facts, to recognize the plaintiff as the actual depositor. This, it manifestly appears from the complaint, the defendant refused to do. It follows from these views that both grounds of demurrer should be overruled, and that there should be judgment for the plaintiff, overruling the demurrer, with costs, with leave to the defendant to answer within twenty days, upon payment of costs.