## GAILLARD et al. v. CANTINI.

(Circuit Court of Appeals, Fourth Circuit. November 10, 1896.)

### No. 153.

1. PARTIES—CONSPIRACY—TRESPASS.

In an action for conspiracy to injure and oppress the plaintiff, carried out in a trespass upon his place of business, the fact that his business was carried on in company with another is not sufficient to require or justify the joinder of such other as plaintiff.

2. PLEADING—DEMURRER—IMPROPER JOINDER OF ACTIONS.

Where a demurrer on the ground that several causes of action have been improperly joined does not specify any particular cause of action as improperly joined, and fails to specify any particular part of the complaint, it must be regarded as a demurrer to the whole complaint; and, if such complaint states one good cause of action, the demurrer will not lie.

3. SAME—NO LEGAL CAPACITY TO SUE.

A demurrer on the ground "that the plaintiff has not legal capacity to sue for damage for the alleged personal injury and suffering of his wife, nor for the alleged outrage and wounding of his feelings by reason thereof," is not properly an objection to plaintiff's capacity to sue, but relates rather to the absence of facts sufficient to constitute a cause of action.

4. SAME.

In an action against several persons for damages, one of the counts averred that defendants, combining and confederating to injure and oppress plaintiff, with threats of violence caused him to open the door of his residence, and forcibly and maliciously entered therein, assaulted and overawed plaintiff, disturbed the peace of his family, and seized and carried away his property; and that by reason of said unlawful conduct plaintiff's wife became terrified, her health was injured, plaintiff's feelings were outraged, and he was damaged in reputation and character. *Held,* that the count was for a conspiracy to injure and oppress plaintiff, not an action for personal injuries and sufferings of his wife and outrage to his own feelings, and that these matters were merely set forth as part of the res gestæ, or as matters of aggravation and characterization of defendants' tortious acts.

5. JUDICIAL ORDERS—SEARCH AND SEIZURE—THIRD PARTIES.

A judgment order or warrant authorizing search and seizure of property can have no force or effect as to the persons or property of one who was not a party or privy to the suit in which it was made, and between whom and the parties in the case no connection appears.

6. CHIEF CONSTABLE OF SOUTH CAROLINA—POWERS.

The chief state constable of South Carolina, not being a judicial officer subject to the order of a judge, has no authority to execute the process of the courts.

7. SOUTH CAROLINA DISPENSARY ACT—ENTRY OF RESIDENCE—SEIZURE.

Certain state constables of South Carolina, under the direction of the chief state constable, entered plaintiff's residence, and took therefrom several packages of wine. There was no evidence that such residence was a place where intoxicating liquors were sold, bargained, or given away in

violation of sections 22 and 23 of the dispensary act. *Held,* that the entry and seizure were unlawful, and that plaintiff was entitled to recover damages therefor.

In Error to the Circuit Court of the United States for the District of South Carolina.

William A. Barber, Atty. Gen. S. C., for plaintiffs in error.

Theodore G. Barker, for defendant in error.

Before GOFF, Circuit Judge, and HUGHES, District Judge.

GOFF, Circuit Judge. This action was instituted in the circuit court of the United States for the district of South Carolina by Anania Cantini, the defendant in error, against Theodore Gaillard, Charles V. Swan, R. Hayne Pepper, and Charles B. McDonald, plaintiffs in error, for the recovery of damages. The plaintiff, in his complaint, set forth three causes of action against the defendants: First. That on the 3d day of October, 1893, the defendants, combining, confederating, and agreeing to injure and oppress the plaintiff, with a number of other persons unknown to said plaintiff, forciby and maliciously entered and searched the place of business of the plaintiff and his brother in the city of Charleston and state of South Carolina, in violation of the plaintiff's rights, and to the injury of his character and reputation. Second. That on the 3d day of October, 1893, the defendants, accompanied by a number of persons unknown to the plaintiff, led by said defendants, combining, confederating, and agreeing together to injure and oppress the said plaintiff, forcibly and maliciously entered and searched the place of business of the plaintiff in said city and state, and afterwards, on same day, with an armed body of men, the defendants Charles V. Swan, R. Hayne Pepper, and Charles B. McDonald, under the order and instruction of said Theodore S. Gaillard, caused the plaintiff to open the door of his residence in said city and state, and forcibly and maliciously entered therein, assaulted and terrified the plaintiff, and disturbed the peace of his family, and searched the rooms of his private dwelling, and took from the possession of the plaintiff certain personal property, to wit, sixty-odd packages consisting of Italian domestic wine, the property of the plaintiff, to the value of $141.75. Third. That on the 3d day of October, 1893, the defendants Swan, Pepper, and McDonald, under the direction and instigation of the defendant Gaillard, and accompanied by a number of armed men led by said defendants, combining together to injure and oppress the plaintiff, unlawfully and maliciously entered the place of business of the plaintiff in said city and state, and afterwards, on the same day, said defendants, with a number of armed men, and with threats of violence, caused the plaintiff to open the door of his residence, and forcibly and maliciously entered therein, and assaulted, terrified, and overawed the plaintiff, and disturbed the peace of his family, and despoiled plaintiff of his property, which they forcibly seized and carried away; and by reason of said unlawful conduct and by said force and violence the wife of the plaintiff became terrified, and became

therefrom ill, and greatly suffered from the effects thereof, and has been seriously injured in her health; and that the plaintiff's feelings were outraged and wounded, and that he was damaged in his reputation and character, and in other respects greatly injured. To this complaint the defendants filed a demurrer, the grounds of which will sufficiently appear as we proceed with the consideration of the case. The demurrer was overruled by the court below, and the defendants filed an answer, in which they denied all the allegations contained in the said three causes of action, except that the plaintiff was doing business in said city of Charleston and state of South Carolina; and they set forth in said answer that they were state constables under the dispensary law of that state, and that they acted in an official capacity in executing an order issued by a state circuit judge in a legal proceeding duly instituted, and that all they did was to execute said process in a lawful manner, and that, as such state constables, they were exempt from being sued for their official actions; and they further claimed in said answer that this suit was, in effect, a suit against the state of South Carolina. Defendants also moved the court to strike out of the complaint, as being irrelevant and redundant, all the allegations thereof and demands therein for damages claimed for injury to plaintiff's character and in regard to the personal injury to plaintiff's wife, and the outrage and wounding of his feelings caused thereby; which motion the court below refused. An oral demurrer to the third cause of action as set forth in the complaint was interposed by the defendants and overruled by the court below.

The case came on to be tried to a jury, and a verdict for $3,000 was rendered for the plaintiff below. During the trial the defendants excepted to certain portions of the judge's charge to the jury, and bills of exceptions relative thereto were duly signed, as were also bills of exceptions to the action of the court in refusing to give certain instructions asked for by the defendants. The subject-matter of said several bills of exceptions and their relevancy to the pleadings and issues joined in this case will be considered hereafter. The court below (Hon. William H. Brawley, district judge, then holding the circuit court), in disposing of the demurrer and motion to strike out, filed a written opinion, which so clearly states the questions raised by the demurrer and motion that this court, in disposing of the assignments of error referring to such action of the court below, deems a further discussion of the same uncalled for, and quotes with approval the opinion of Judge Brawley relating thereto, which is as follows:

"This case came on to be heard upon a demurrer filed by defendants on the 5th day of February, 1894, and also on a notice served upon plaintiff to strike out certain allegations of the complaint. The demurrer and notice were argued together. The demurrer is upon four grounds:

"1. 'That there is a defect of parties plaintiff, in that Geremia Cantini should have been joined as plaintiff, because he was, at the commencement of the action, as appears upon the face of the complaint, a co-partner and "doing business in company" with the plaintiff at the place of business where the alleged forcible and malicious entry and search was made by the defend-

ants, and suffered jointly with the plaintiff the wrongs and injuries alleged.' It does not appear that there is any express allegation of partnership in the complaint, and none, except such as may be inferred from the words 'doing business in company' with, which are quoted above. These words may be considered as merely descriptive of the place of business of plaintiff Anania Cantini, and, were the partnership the gist of the action, would be scarcely sufficient as an allegation of the existence of the partnership. Moreover, the complainant does not set forth the injury complained of as done to the partnership, or as affecting in any way the partnership relation. The rule, as laid down by Mr. Pomeroy, is that: 'Where a personal tort has been done to a number of individuals, but no joint injury has been suffered, and no joint damages sustained, in consequence thereof, the interest and right are necessarily several, and each of the injured parties must maintain a separate action for his own personal redress. * * * In order that a joint action may be possible, there must be some prior bond of legal union between the persons injured, such as a partnership relation, of such a nature that the tort interferes with it, and by virtue of this very interference produces a wrong and consequent damages to all. * * * It is not every prior existing legal relation between the parties that will impress a joint character upon the injury and the damage.' Pom. Rem. § 231. The gravamen of the complaint here is a conspiracy to injure and oppress the plaintiff, Anania Cantini, carried out in a trespass upon his place of business and afterwards upon his residence. The fact that the business was carried on in company with his brother, Geremia Cantini, is not enough to require or justify the joinder of Geremia Cantini as plaintiff, and this ground of demurrer cannot be sustained. Wait's Code, p. 237, § 144.

"2. The second ground of demurrer is that 'it appears on the face of the complaint that several causes of action therein have been improperly joined.' Examination of the complaint shows that the several causes of action as set forth in the complaint (if they are considered as several distinct causes of action) all 'arise out of the same transaction or transactions connected with the same subject of action.' 'In general, under the liberal provisions of our statute, different causes of action may be united where they belong to the same class or species of injuries or wrongs, or when they arise out of the same transaction.' Estee, Pl. & Prac. p. 420, § 3068; Id. p. 153, § 314, and cases cited. Again: 'A demurrer lies only when an entire pleading that is the entire cause of action is insufficient, as a part of a cause of action cannot be demurred to. So, if any part of a bill demurred to is good, demurrer to the whole cannot be sustained. If the complaint contains one good cause of action, a demurrer to the whole complaint will not lie.' Id. p. 423, § 3071. The demurrer in this cause does not specify any particular cause of action as improperly joined, and fails to specify any particular part of the complaint. It must, therefore, be regarded as a demurrer to this whole complaint. 'When a demurrer does not go to the whole complaint it must distinctly point out the part it is intended to cover.' Wait's Code, p. 235, § 144. 'A demurrer must reach the whole cause of action.' Id. p. 235. 'If the complaint states one good cause of action, a demurrer to the whole complaint will not lie.' Estee, Pl. & Prac. p. 423, § 3071; Sewing-Mach. Co. v. Wray, 28 S. C. 86, 5 S. E. 603. It is not, however, clear that the complaint in this case does set forth several distinct and separate causes of action. 'It is not necessarily stating several causes of action to set up several grounds of complaint.' Durant v. Gardner, 10 Abb. Prac. 445; Id., 19 How. Prac. 94; Wait's Code, p. 227, § 142. 'Where the complaint contains, in substance, but one cause of action, stated in different counts, it is not a ground of demurrer.' Hillman v. Hillman, 14 How. Prac. 456. It may be here, as was held in Brewer v. Temple, 15 How. Prac. 286; Wait's Code, p. 198, § 142,—that 'the complaint in fact contained but one cause of action, that each allegation constituted a part of the res gestæ, that what was alleged to have been said and done constituted but a single transaction.' It is claimed on behalf of plaintiff here that the subject of this cause of action is the unlawful confederacy or conspiracy on the part of the defendants (admitted by the demurrer) to injure the plaintiff, and the doing of the acts in pursuance of that conspiracy (also admitted by the demurrer). And that the rule in an action for

conspiracy is that 'a conspiracy to do an unlawful act, and the doing of the act in pursuance of the conspiracy, to the damage of plaintiff, creates a good cause of action against all the parties to the conspiracy.' 2 Add. Torts, p. 61, § 850, note 1. The general rule, as stated in Wait's Code, p. 237, is this: 'If, in fact, the complaint contains but a single cause of action, whatever else it may contain, a demurrer on the ground that several causes of action are improperly united is bad.' Hillman v. Hillman, 14 How. Prac. 456. 'In an action for conspiracy the rule is to allow a great latitude in setting out in the complaint the particular acts from which the conspiracy is to be inferred; even so far as to allow the individual acts of the conspirators to be averred.' 1 Estee, Pl. & Prac. p. 645, § 1767. In either aspect of the complaint, it appears to the court that the second ground of the demurrer is bad.

"3. The third ground of demurrer is 'that the plaintiff has not legal capacity to sue for damage for the alleged personal injury and suffering of his wife, nor for the alleged outrage and wounding of his feelings by reason thereof.' This cannot be considered properly as an objection that 'plaintiff has not legal capacity to sue.' Mr. Pomeroy says: 'A want of legal capacity to sue—a demurrer or defense for this cause—must relate exclusively to some legal disability of the plaintiff, such as infancy, coverture, idiocy, and the like, and not to the absence of facts sufficient to constitute cause of action.' Pom. Rem. p. 247. If this ground of demurrer is considered as in the nature of an objection that the complaint does not state facts sufficient to constitute a cause of action in the plaintiff, as the husband, viz. 'the personal injury and suffering of his wife, and the alleged outrage and wounding of his feelings by reason thereof,' the answer of plaintiff's counsel to the objection seems to be conclusive, viz.: That the action is not brought 'for the damages for the personal injury and suffering of plaintiff's wife, nor for the alleged outrage and wounding of his feelings by reason thereof'; that the action, as already stated, is for a conspiracy on the part of the defendants to injure and oppress the plaintiff, and for doing certain acts in pursuance of the conspiracy, and that the injury and suffering of the plaintiff's wife, and the alleged outrage and wounding of his feelings by reason thereof is, in so far as they are mentioned in the complaint, are set forth, either as part of the res gestæ, or as matters of aggravation of, and as characterizing the tortious proceedings of, defendants. In any view, the fourth ground of demurrer is bad. For the like reasons 'the motion to strike out 'the allegations of the complaint and demands for damages in regard to injury to plaintiff's character and reputation, and in regard to personal injury to plaintiff's wife, and the outrage and wounding of his feelings thereby,' is refused. The judgment of the court is that the demurrer be, and the same is hereby, overruled, and that the motion to strike out is refused, both with costs to plaintiff."

We have also carefully considered the argument of counsel for plaintiffs in error relating to the assignments of error concerning the charge of the court below to the jury, and his refusal to instruct the jury as prayed for by the defendants. The action of the court under consideration was evidently based upon the force and effect of the testimony that had been submitted to, and was to be considered by, the jury. Such testimony—at least the parts thereof pertinent to the matters set forth in the bills of exceptions—should have been included therein if it was intended to ask this court to review said action of the court below. Considering the charge itself, and the statement of the testimony as therein set forth, we are compelled to fully concur with the trial judge (Hon. C. H. Simonton then presiding) in his instructions as given to the jury. Having approved of the action of the court below in overruling the demurrer, it follows that the refusal of the court to give the instructions to the jury asked for by the defendants below must also have our indorsement, for the reason that the in-

structions so refused were, in substance, the same propositions that had been presented by the demurrer, and properly rejected. We deem it proper, under the circumstances attending this case, and in the absence of the certified evidence alluded to, to make the charge of the judge below to the jury, which was excepted to, a part of this opinion. It reads as follows:

"Plaintiff charges that the defendants, conspiring together, entered upon his premises unlawfully, thereby committing a trespass upon his rights and property, taking and carrying off a part of it. The evidence tends to show that the defendants, with others, under the direction of T. S. Gaillard, who had been appointed chief constable, entered plaintiff's premises in Tradd street, and his residence in King street, and searched both places, taking sundry packages of wine from the last-named place, in which plaintiff had a half interest. The previous concert and the subsequent entry are both admitted. They are justified by the averment that defendants were acting under the orders of the chief constable, Gaillard, who had what is called a 'warrant' from Judge Izlar. I will not go into or comment on this act of Judge Izlar, or dispute his authority, or discuss the validity or invalidity of his order in the case in which it was made. Were I to be of the opinion that it is wholly erroneous, abnormal, and invalid, I would not presume to sit in judgment on it, as this court cannot revise or review that opinion. But I charge you that; having been passed in a cause in which Cantini was not a party, and to which he was not a privy, and no connection appearing in any way between Cantini and the parties in that case, the order had no force or effect whatever as to Cantini and his property. Besides this, the order professes to have been issued in an action, a judicial proceeding, brought before a judge, a judicial officer, and could only be executed by a judicial officer subject to his orders; that is to say, the sheriff of the county in which the parties defendant or their property was, or any lawful deputy of his. Gaillard, as chief constable, was not such an officer, nor was he a constable under the dispensary act; and neither he nor any one under his appointment could execute this process, and so protect themselves with it. Neither he nor his appointees were the officers to whom it was directed. Whatever may be the conflict in decisions of other courts, there is no conflict of decision in this court upon the question of liability for the invasion of the rights of person or property, however confident parties may be that they have authority to do so, whatever may be their good faith. When persons act under these circumstances, they take this risk. The dearest rights of a freeman are protection of his home, his property, and his life. They must not be invaded, except under extreme circumstances, and on the most ample authority; and whoever invades them must be prepared to show, and he takes the responsibility of showing, that he had ample authority. Put the question to yourselves, and you can answer it. Were any one of you to be arrested as you leave this courthouse, and lodged in jail, and there kept until it was discovered that the officer had mistaken you for some other man, or believed that the paper he had was a good warrant of arrest, would the mistake of the officer, however honest it might have been, satisfy you? If these facts be established to your satisfaction, then plaintiff is entitled to some compensation. You fix this. What is it worth to a man to have his home invaded under the circumstances you have heard, and his property taken off? For, in the absence of any evidence that the residence of Cantini was a place where intoxicating liquors were sold, bargained, or given away in violation of sections 22 and 23 of the dispensary act, which I now read to you, the state officers had no right to enter and seize. Now, these damages must be compensatory only, unless you see anything in the evidence showing wanton or malicious, gross or outrageous action on the part of the defendants. If you can see these, or any of them, you can find exemplary damages, punish the defendants. I must say to you that I do not see it."

The mere statement of the ground on which the oral demurrer was founded, that the complaint hereinbefore set forth in substance

did not state facts sufficient to constitute a cause of action, is sufficient to show that the court did not err in overruling it; and a further discussion of the assignment of error referring to the same is, we think, entirely unnecessary.

If this case were heard only on the questions raised by the assignments of error referring to what transpired during the trial before the jury, we would find it to be our duty to impose the damages provided for by clause 2, rule 30, of this court (11 C. C. A. cxii., 47 Fed. xiii.), as a punishment for suing out a writ of error merely for delay, and it is only by giving the plaintiffs in error the benefit of a doubt that may be said to have existed as to one of the grounds of demurrer that we are not impelled to take that course. The judgment complained of will be affirmed.